# Black, Appellant, v. Black.

*Partition—Agreement of parties—Master.*

Where a master appointed to make partition reports that at a meeting of the parties in interest it was agreed by all persons present that the land in question could not be conveniently divided into as many purparts as there were parties entitled, one of the parties who was present cannot, after the expiration of sixteen months, and after many meetings, and when the proceedings were almost at a close, object to the plan of division suggested by the master, and deny the validity of the agreement reported by the master. In such a case it is immaterial that the agreement was not in writing, and that no note of it appeared in the record.

*Practice, C. P.—Rules of court—Agreements of attorneys.*

A rule of court requiring agreements of attorneys touching the business of the court to be in writing has no application to an `agreement made in open court or before a master, during the trial of the cause, nor to one on which the court or the master at the time is asked by the parties to act.

*Appeals—Assignments of error—Partition—Exceptions.*

On an appeal from a decree in partition an objection to the manner in which the bidding was conducted will not be considered by the appellate court, where such objection was not raised by the exceptions to the master's report nor by the assignments of error to the order of the court.

Argued March 19, 1903. Appeal, No. 177, Jan. T., 1902, by Frederick Black, from decree of C. P. Delaware Co., Sept. T., 1899, No. 102, on bill in equity in case of Edgar N. Black, Frederick Black and Daniel N. Black v. Mary K. L. Black et al. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Bill in equity for partition. Before JOHNSON, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Lucien H. Alexander*, with him *W. Roger Fronefield*, for appellant.

*Edward H. Hall* and *N. Dubois Miller*, for appellees.

OPINION BY MR. JUSTICE FELL, May 11, 1903:

The master appointed to make partition reported that at a meeting of the parties in interest it was agreed by all persons

present that the land described in the bill could not conveniently be divided into as many purparts as there were parties entitled. The appellant was present at this meeting. Testimony was then taken by the master to ascertain whether the land could be divided at all and if so into how many purparts. Several plans of division were suggested by the witnesses called. The appellant testified in favor of a division into nine purparts. The master found that the weight of the testimony was in favor of a divison into seventeen purparts, and he valued the purparts and reported : " The master finds after a personal examination of the premises described in the bill and after obtaining the opinion of credible persons as to the feasibility of a division thereof, and the value of the same, that the said real estate cannot be parted or divided in such a way as to accommodate all parties in interest without prejudice to or spoiling the whole, but that the same can be parted or divided into seventeen purparts without regard to the number of parties as heretofore set out, and has described, valued and appraised the said purparts respectively as follows."

Sixteen months after the agreement mentioned was made, there was a meeting of the parties in pursuance of a rule to accept or refuse the several purparts at the valuation made, or to offer in writing a larger price therefor, or to show cause why the land should not be sold. At this meeting the appellant demanded that the one-forty-eighth portion of the total acreage of the land, being his share therein, should be alloted and set off to him. This demand was refused for a number of reasons stated by the master. One of these reasons and the only one that need be considered, since it alone is conclusive of the appellant's right, is that the demand was too late. The appellant had agreed with other parties in interest that a division into as many purparts as there were parties entitled could not be made. He had presented a plan of division into nine parts, and had testified and called witnesses in support of this plan. He had been present at all the subsequent meetings, nine in number, and had made no objection to the course that was being pursued and was now almost ended.

In the written argument presented it is argued that the appellant was not a party to the agreement reported by the master as having been made, and it is claimed that the agreement,

if made, was not binding because it was not reduced to writing. The accuracy of the master's report cannot be challenged in this way. We are without means to determine the facts since there is nothing on the record that throws light upon it, and we must consider the confirmation of the report by the court as conclusive of this question. A rule of the court provides that : " No agreement of attorneys touching the business of the court will be considered valid unless reduced to writing." This rule does not apply to such an agreement. The object of the rule is to prevent unseemly controversies, and to relieve the court of the embarrassment of deciding questions growing out of a misunderstanding of counsel. It has no application to an agreement made in open court during the trial of a cause, nor to one on which the court at the time is asked by the parties to act. In effect this is what this agreement was. It was made in the presence of the master and with the intent that he should act upon it in conducting the proceedings.

The questions of practice before the master which have been presented do not require consideration. That relating to the manner in which the bidding should be conducted is apparently an afterthought, as it is not raised by the exceptions to the master's report nor by the assignments of error to the order of the court. That to the right to vacate an allotment on the failure of a bidder to enter security does not concern the appellant, as he was not prejudiced by the master's action in the matter. We find nothing on the record that would warrant the sustaining of any of the exceptions, and the decree is affirmed at the cost of the appellant.