# Bookwalter, Appellant, *v.* Bookwalter.

*Courts—Election of remedies—Decrees made with consent of counsel—Subsequent repudiation—Good faith with court.*

Where a party had two remedies and, electing to follow one, in agreement with opposing counsel requested the court to make a decree in conformance with such agreement, he cannot afterwards abandon such remedy and invoke another. Good faith with the court requires him to keep the agreement made before it.

Agreements made before the court are not required to be in writing, and it is sufficient for the appellate court if the lower court recites that such agreements have been made.

578 BOOKWALTER, Appellant, *v.* BOOKWALTER.

Statement of Facts—Opinion of the Court. [75 Pa. Superior Ct.

Argued October 26, 1920. Appeal, No. 148, Oct. T., 1920, by petitioner, from the decree of C. P. Huntingdon County, Sept. T., 1919, No. 1, refusing to appoint a receiver in the case of Richard Bookwalter, petitioner, v. E. R. Bookwalter, an insolvent. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for rule to show cause why a receiver should not be appointed. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was the order of the court.

*L. H. Beers,* and with him *H. W. Petriken,* for appellant.

*H. H. Waite,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

On August 29, 1919, Richard Bookwalter, the appellant, presented his petition to the Court of Common Pleas of Huntingdon County asking for the appointment of a receiver for E. R. Bookwalter under the Act of June 4, 1901, P. L. 404. In the petition he recites that he is a creditor of said Bookwalter having several judgment notes against him and an open book account and that he is also liable as bail on two notes of which Book-walter is the maker. He further states that Bookwalter has confessed judgments for the purpose of delaying and defeating the claims of the petitioner, and preferring his wife, the judgments in favor of his wife aggregating $2,000, and that fi. fas. were issued on said judgments and that the sheriff is about to sell and he asks that the writs be stayed. This petition was abandoned and the court on August 29, 1919, entered a decree as follows:

"Now, August 29, 1919, the within petition read and considered, and by agreement of counsel, the court enters the following decree: The sheriff shall proceed to sell the property of the defendant, levied upon by him, and retain the proceeds thereof in his hands, subject to further order of the court, when the court will appoint an auditor to hear the parties and make distribution of the funds, according to law."

And afterward another decree, September 15, 1919. "It appearing that the sheriff sold the property of the defendant upon the above mentioned writs of fieri facias for the sum of $1,884.60 and has the money in his possession, upon motion of H. H. Waite and by agreement of counsel, representing the plaintiff and Richard Bookwalter, who petitioned for stay of said writs, H. L. Henderson, Esq., is hereby appointed auditor to hear the parties and make distribution of the funds in the hands of the sheriff, and make report at October argument court. The losing party before the auditor to pay the costs."

The auditor according to the record presented by the appellee sat for the purposes of his appointment and Richard Bookwalter, the appellant, was represented by H. N. Petriken, Esquire. Several continuances were had and the appellant did not contest the validity of the judgments held by Nancy Bookwalter. A few days before the auditor's report was filed the appellant came into court and again presented a petition for the appointment of a receiver, and the court entered the following order:

"Now, October 20, 1919, within petition read and considered and in view of the fact that the parties had this court enter a decree on August 29, 1919, by agreement of counsel, establishing the course of procedure in this case by which the rights of the parties should be determined by an auditor before whom every proper question could be raised against the right of the several judgments to participate in the fund now in the hands of

the sheriff, the rule as prayed for is refused and an exception is noted for petitioner and bill sealed for him."

We cannot impeach the statement of the court that the reference to an auditor was by agreement of counsel. The decrees of August 29th and September 15, 1919, so state. We do not think the question is so much a matter of election of remedy as a matter of good faith to the court. When the appellant through his counsel agreed that the bona fides of the judgment given by Bookwalter to his wife, was to be determined by an auditor, he committed himself to that course of procedure, and it does not lie in his mouth to ask for the appointment of a receiver and so set aside the distribution of the proceeds of the sale by the auditor. He cannot do this for the simple reason that he has agreed to do otherwise, and he must keep his bargain. He cannot play fast and loose with the court, so the discussion of a choice of remedies, or the estoppel by such choice, we do not think is pertinent to the question before us. That the agreement was not in writing does not avail, for agreements made before the court need not be in writing. It suffices us that the court says that counsel agreed: Black v. Black, 206 Pa. 116. It is not necessary for us to have the auditor's report in order to decide this case, although we have made reference to it above. The decree of the court speaks for itself. There is no attempt made to impeach the statements made in the decree and the door is closed to the appellant because he has agreed to do otherwise than he now seeks to do.

Judgment affirmed.