484 A.2d 134

**AETNA ELECTROPLATING CO., INC., Appellant,**

v.

**Raymond JENKINS and Jenkins & Acton, P.C.**

Superior Court of Pennsylvania.

Argued March 27, 1984.

Filed Nov. 9, 1984.

Petition for Allowance of Appeal Denied June 10, 1985.

284

Roland J. Christy, Spring House, for appellant.

George B. Ditter, Ambler, for appellees.

Before BROSKY, WIEAND and McEWEN, JJ.

**WIEAND, Judge:**

If an attorney, in order to induce the court to open a default judgment against his client without the prior posting of bond, promises in open court to guarantee personally any indebtedness found to be owing by his client, may the attorney subsequently defend an action on his promise of guarantee by alleging that the promise was not in writing and signed? The trial court sustained preliminary objections in the nature of a demurrer and dismissed the action on grounds that enforcement of the promise was barred by the statute of frauds. We reverse.[1]

 A preliminary objection in the nature of a demurrer "admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences." *DeSantis v. Swigart*, 296 Pa.Super. 283, 286, 442 A.2d 770, 772 (1982). Preliminary objections can properly be sustained and a complaint dismissed only in cases that are clear and free from doubt. Any doubt must be resolved against the moving party. Only where it appears with certainty that, upon the facts averred, the law will not permit recovery can the complaint be dismissed and summary judgment entered for the defendant. *Bickell v. Stein*, 291 Pa.Super. 145, 149, 435 A.2d 610, 612 (1981) quoting *Donnelly v. DeBourke*, 280 Pa.Super. 486, 489–490, 421 A.2d 826, 828 (1980) (over-ruled on other grounds).

According to the averments of the complaint, Aetna Electroplating Co., Inc. (Aetna) had previously commenced an action in assumpsit against Damac, Inc. (Damac) to recover the sum of $26,875.45 owed for electroplating. A default judgment had been entered in that action when no answer was filed on behalf of Damac.[2] The default judgment was opened on petition after Raymond Jenkins, Esquire, attor-

---

1. The preliminary objections asserted also that an action based on counsel's promise of personal guarantee was barred by the applicable statute of limitations. The trial court did not consider the applicability or effect of the statute of limitations, and neither party has argued this issue on appeal.

2. An offer by Damac to pay $20,000.00 in full settlement of Aetna's claim had been rejected by Aetna.

ney for Damac, in response to Aetna's expressed concern about delay and request for a bond, had assured the court "that he personally guaranteed the payment of any sum ultimately determined to be due from Damac to Aetna." Although there was no official record made of this conversation at the time, it was noted by the presiding judge in a bench memo and subsequently confirmed by him in a letter to Aetna's counsel. A judgment ultimately entered in favor of Aetna and against Damac for $34,759.73 could not be satisfied because Damac's assets had been seized by a secured creditor. Demand was then made upon Jenkins, the appellee. When Jenkins refused to pay his client's indebtedness, the instant action was commenced. Jenkins filed preliminary objections in the nature of a demurrer. The trial court concluded that Aetna could not enforce Jenkins' promise to pay his client's debt because the promise had not been in writing and signed by Jenkins.[3]

■ It has been held, however, that "agreements made before the court need not be in writing." *Bookwalter v. Bookwalter*, 75 Pa.Super. 577, 580 (1921), citing *Black v. Black*, 206 Pa. 116, 118, 55 A. 847, 848 (1903). In the *Bookwalter* case, the agreement of counsel had been recorded in the trial court's decree; in the *Black* case, the agreement had been memorialized in a master's report. See also: *Zvonik v. Zvonik*, 291 Pa.Super. 309, 323, 435 A.2d 1236, 1243 (1981). In the instant case, the averments of the complaint were that counsel's promise had been memorialized in a bench memorandum and in a letter by the trial judge explaining to counsel why bond had not been required prior to opening the default judgment. Counsel cannot play fast and loose with the court. If he enters an agreement as part of a proceeding before the court, he cannot assert the statute of frauds as a defense to an action to enforce the same. The statute of frauds was intended to prevent fraud;

**3.** The Act of April 26, 1855, P.L. 308, § 1, 33 P.S. § 3 provides that "[n]o action shall be brought ... to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized."

it cannot be used as a vehicle to avoid agreements entered in open court. Compare: *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A.2d 779 (1946) (oral agreement to convey land enforced when title holder admitted in his testimony that agreement existed).

In a separate count in trespass, Aetna alleged that after the default judgment had been opened Jenkins filed an answer and counterclaim containing averments which he "knew or should have known" to be incorrect. Aetna also alleged that Jenkins' lack of cooperation in complying with Aetna's requests for discovery and for a prompt trial delayed Aetna's recovery of judgment until after Damac's assets had been seized pursuant to mortgage foreclosure proceedings. This count was correctly dismissed by the trial court.

■ The complaint does not contain averments that counsel committed an intentional tort designed maliciously to cause harm to Aetna. The complaint is, rather, that the manner in which counsel represented his client in defense of Aetna's claim caused delay in the recovery of a judgment therefor. Defending Aetna's claim, however, was a justifiable and proper interest, for which Jenkins could properly exert maximum effort on behalf of his client. He cannot be held liable to Aetna so long as he was serving that interest. In *Smith v. Griffiths,* 327 Pa.Super. 418, 476 A.2d 22 (1984), we held that an attorney who acts in good faith for the purpose of serving a justifiable and proper interest of the client will not be held liable for unintentional harm caused to third persons, particularly where the third person is an adverse party to litigation. We said:

> To impose upon an attorney a duty of care to the adverse party would place the attorney in a position where his own interest would conflict with the interests of his client and prevent him from exerting a maximum effort on behalf of the client. It would place an undue burden on the profession and would diminish the quality of the legal services rendered to and received by the client. *Where an attorney represents a client in litiga-*

*tion ... the public interest demands that attorneys in the proper exercise of their functions as such, not be liable to adverse parties for acts performed in good faith and for the honest purpose of protecting the interests of their clients.*

*Id.*, 327 Pa.Superior Ct. at 427, 476 A.2d at 26 (emphasis added) (citations omitted). See also: *Nelson v. Miller*, 227 Kan. 271, 607 P.2d 438 (1980); *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585 (1981).

In Pennsylvania, "the litigant is the complete master of his own cause of action in matters of substance; he may press it to the very end regardless of the facts and law arrayed against him." *Archbishop v. Karlak*, 450 Pa. 535, 539, 299 A.2d 294, 296 (1973). In this effort, the litigant is entitled to be represented by competent and zealous counsel whose loyalty is undivided. If the litigant refuses to capitulate when legal proceedings are commenced against him, counsel cannot do it for him. In the absence of consent by the client, counsel cannot properly agree to the entry of judgment or refrain from contesting a claim by an adverse party.

■ Appellant's argument that it can recover on a theory of civil conspiracy must also fail. A civil conspiracy is a combination or agreement between two or more persons to commit an unlawful act or a lawful act by unlawful means. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979). The averments in appellant's complaint were simply inadequate to state a cause of action for unlawful conspiracy between an attorney and his client who determined to contest appellant's civil action.

For these reasons we agree with the trial court that appellant cannot recover against his debtor's attorney in tort.

The order dismissing the trespass count in appellant's complaint is affirmed. The order dismissing the count in assumpsit is reversed, and that count of the complaint is

remanded for further proceedings. Jurisdiction relinquished.