## Butler v. Stillwater Lake Civic Association

*David C. Harrison,* for plaintiffs.

*Timothy J. McManus,* for defendant Sun Dance Stillwater Corp.

*Richard E. Deetz,* for defendant Stillwater Lake Civil Association.

O'BRIEN, *J.,* October 28, 1986 — This action seeking both equitable and legal relief was com-

menced as a class action by property owners in a development against the property owner's association and the corporate developer. Defendants have filed preliminary objections in the nature of a demurrer and a motion to strike. Following briefs and argument, the issues are now before the court for disposition.

Plaintiffs' complaint discloses that the parties to this dispute are not strangers to litigation in this court. The complaint alleges that although litigation commenced in 1980 has been settled between the parties that there is a pending action commenced by Stillwater Lake Civic Association against Edward J. and Janet M. Butler for the collection of dues which is pending at no. 720 Civil of 1986 in this court. Although the action at bar has been commenced as a class action and includes a corporate developer as a second defendant, a review of the pleadings in the instant case and the other litigation pending in this court discloses common allegations and issues. Therefore, it would be within reason for this court to dismiss the action at bar because of the pendency of a prior action as authorized by Pa.R.C.P. 1017(b)(5). *Taylor v. Humble Oil and Refining Company*, 225 Pa. Super. 177, 311 A.2d 324 (1973) and *Lindsley v. Robinson*, 30 Commw. 96, 372 A.2d 1258 (1977) are cases enunciating the appropriate criteria in determining whether the prior pending action is the same. However, such action would just defer the determination of the ultimate legal issue involved in both of these proceedings until another day.

The ultimate legal issue involved in this dispute is properly framed by the preliminary objections of defendants in the case at bar which allege, inter alia, as follows:

"(1) Defendants demur since no cause of action has been stated by plaintiffs regarding the alleged discrepancy between the covenants of the agreement of sale and the deed since any covenants contained in the agreement of sale would merge into those contained in the deed by operation of law."

Plaintiffs' complaint alleges an executory contract for the purchase of land dated February 22, 1969, performance by both parties of said executory contract resulting in a deed dated September 11, 1969, being recorded in the office of the recorder of deeds of Monroe County and the commencement of an action at law by defendant Stillwater Lake Civic Association for the collection of dues pursuant to the provision of the aforesaid deed. The complaint further alleges that the phrase, "until title to lot is conveyed to purchasers," qualifying the dues paying obligation, was contained in the executory agreement of sale and not in the deed. Plaintiffs' prayer for relief in the case at bar is apparently premised on the aforesaid omission although it follows logically that such a provision would be contained in an executory contract and omitted from a deed.

In *Dobkin v. Landsberg,* 273 Pa. 174 (1922), our Supreme Court affirmed the general rule that in the absence of fraud or mistake, or of an intent to the contrary, an antecedent contract for the purchase of land is merged in the deed. In *Wilson v. M'Neal,* 10 Watts 422, the Supreme Court said articles of agreement for conveyance of land are by their nature executory, and the deed is deemed prima facie execution of the contract and the prima facie presumption of the law arising from the delivery and acceptance of the deed is that it is the execution of the whole

contract. In *Scitzinger v. Weaver,* 1 Rawle 377, the court clearly stated that the presumption of law is that the acceptance of a deed in pursuance of articles of agreement is satisfaction of all previous covenants.

In opposition to defendants' argument of merger, plaintiffs cite *Carsek Corp. v. Stephen Schifter Inc.,* 431 Pa. 550, 246 A.2d 365 (1968). *Carsek* involved a transaction seeking a credit against a purchase money mortgage for the cost of subdivision improvements. *Carsek* follows a line of cases dealing with the adjustment of consideration dependent on conditions occurring after delivery of the deed. Clearly *Carsek* and similar cases have no bearing on the instant case where the complaint alleges that, "the said property was paid in full and by deed dated September 11, 1969, and recorded in the office for the recording of deeds of Monroe County in deed book vol. 463, page 333, deed of conveyance was given by defendant to plaintiffs."

Preliminary objections in the nature of a demurrer can be sustained and a complaint dismissed where plaintiff has clearly failed to state a cause of action. *Aetna Electro Co. Inc. v. Jenkins,* 335 Pa. Super. 283, 484 A.2d 134 (1984). While the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully, *Otto v. American Mutual Insurance Company,* 482 Pa. 202, 393 A.2d 450 (1978), this is not such a case. An evaluation of plaintiffs' complaint clearly discloses that the doctrine of merger would apply and the deed was accepted by plaintiffs. There is nothing in the complaint or exhibits which could overcome the usual presumption of law in this regard. It should also be noted that there is nothing in the complaint explaining why plaintiffs, who accepted the deed in 1969,

have waited until 1986 to raise the issue. Although this case could be disposed of on the grounds of a prior pending action, or on the grounds of laches, it seems appropriate to resolve the ultimate legal question in this dispute by sustaining defendants' demurrer.

## ORDER

And now, this October 28, 1986, defendants' demurrer to plaintiffs' complaint is sustained. Plaintiffs' complaint is dismissed with prejudice.