## Bonner v. Hiles

*Michael J. Garfield*, for plaintiffs.
*Joseph Goldberg*, for defendants.

LAVELLE, *P.J.*, July 18, 1988 — We have before us for disposition defendants' preliminary objections to plaintiffs' complaint seeking its dismissal for failure to state a cause of action.

The complaint alleges the plaintiffs are taxpayers in the Panther Valley School District and that they are representatives of a proposed class of plaintiffs consisting of all taxpayers in said school district; that defendants, all members of the Panther Valley School Board, the school district and its business manager, invested the sum of $100,000 and $200,000 in the Sun Savings and Loan Association of California; thereafter, the association was declared insolvent and that, as a result of the negligence of defendants, the Panther Valley School District lost its investment of $200,000. The complaint further alleges that the funds were invested in violation of 24 P.S. §4-440.1 which specifies types of investments which are approved "for school district funds." Plaintiffs seek to recover damages for the loss of those funds from defendants.

## DISCUSSION

For purposes of considering the demurrer we must accept as true all of the allegations in the complaint. *Aetna Electroplating Co. Inc. v. Jenkins,* 335 Pa. Super. 283, 484 A.2d 134 (1984).

Defendants contend that this action is barred by the Political Subdivision Tort Claims Act. 42 Pa.C.S. §8541 et seq., and does not fall within any of the specific statutory exceptions thereto. Plaintiffs argue that the facts of this case fall within an exception to the granting of governmental immunity found in 42 Pa.C.S. §8542(b)(2) which states:

"*Care, custody or control of personal property* — The care, custody or control of personal property of others in the possession or control of the local agen-

cy. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency."

We agree with defendants' position.

The Political Subdivision Tort Claims Act grants immunity to political subdivisions including school districts and their officials from tort actions subject to eight exceptions. Plaintiffs' reliance on the exception found in section 8542(b)(2) is totally misplaced. This subsection preserves a right of action against a school district and its officials for the loss of personal property belonging not to the school district but to others. Here, the property which plaintiffs allege to have been lost was property of the school district. On the facts alleged in this complaint, it is clear that this exception from liability does not apply.

*Rousseau v. City of Philadelphia,* 100 Pa. Commw. 173, 514 A.2d 649 (1986) cited by plaintiffs is not on point.

Accordingly, we enter the following

## ORDER

And now, July 15, 1988, upon consideration of defendants' preliminary objections to plaintiffs' complaint, in the nature of a demurrer, it is hereby ordered and decreed that the preliminary objection be and is hereby sustained and the plaintiffs' complaint is dismissed with prejudice.