J-A13034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICHARD C. HAYES AND MALKO E. KARKENNY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AHMED C.K. KUTTY | |
| Appellant | No. 1916 EDA 2016 |

Appeal from the Order May 26, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. 2015-002485

BEFORE: LAZARUS, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 28, 2017**

Appellant, Ahmed C.K. Kutty, appeals from the order entered in the Delaware County Court of Common Pleas granting the petition to enforce a settlement argument filed by Appellees, Richard C. Hayes and Malko E. Karkenny.  Appellant contends the settlement agreement was unenforceable due to the conditional nature of the agreement and due to the application of the statute of frauds.  We affirm.

We adopt the facts and procedural history set forth by the trial court's opinions.  **See** Trial Ct. Op., 5/26/16, at 1-4; Trial Ct. Op., 8/22/16, at 1-4. In this timely appeal, Appellant raises the following issues for review:

> I. The [trial] court erred in finding the oral agreement between the parties enforceable when the proposed

---

[*] Former Justice specially assigned to the Superior Court.

agreement was conditioned upon and subject to Appellant's review with his tax professional/accountant

II. The [trial] court erred in failing to apply the statute of frauds to the transfer of real estate held as real property outside the joint venture as tenants in common

Appellant's Brief at 3.

In his first issue, Appellant argues that the oral settlement agreement that the parties entered into on the record, which was transcribed by a court reporter, was not enforceable because the parties did not intend to be bound by the agreement until each had the opportunity to consult with their tax professionals or accountants. Appellant contends that this condition was agreed to via a conversation held "off the record."

Appellant, in his second issue, avers that the settlement agreement is unenforceable due to the application of the statute of frauds. Appellant argues that because the agreement was not in writing, and involved the transfer of real property, the settlement agreement cannot be enforced. Appellant's issues merit no relief.

Our standard and scope of review is well settled:

The enforceability of settlement agreements is determined according to principles of contract law. Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision. . . . With respect to factual conclusions, we may reverse the trial court only if its findings of fact are predicated on an error of law or unsupported by competent evidence in the record.

*Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 517-18 (Pa. Super. 2009) (citations omitted).

Further, it is beyond cavil that "[w]here a settlement agreement contains all of the requisites for a valid contract, a court must enforce the terms of the agreement." *Id.* at 518. "This is true even if the terms of the agreement are not yet formalized in writing." *Id.*

Regarding the statute of frauds, we note:

> The statute of frauds directs that agreements for the sale of real estate shall not be enforced unless they are in writing and signed by the seller. The purpose of the statute is to prevent perjury and fraudulent claims. The [s]tatute of frauds does not void those oral contracts relating to land which fail to comply with the [s]tatute's formal requirements. It is to be used as a shield and not as a sword, as it was designed to prevent frauds, not to encourage them.

*Empire Properties, Inc. v. Equireal*, 674 A.2d 297, 302 (Pa. Super. 2009) (citations and internal quotations omitted). Moreover, it is well settled that "[t]he statute of frauds was intended to prevent fraud; it cannot be used as a vehicle to avoid agreements entered in open court." *Aetna Electroplating Co., Inc. V. Jenkins*, 484 A.2d 134, 136 (Pa. Super. 1984)

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable G. Michael Green, we conclude the trial court's opinions comprehensively discuss and properly dispose of the issues presented. *See* Trial Ct. Op., 5/26/16, at 4-6; Trial Ct. Op., 8/22/16, at 5-10 (finding that (1) the settlement agreement

constituted an enforceable contract and any further correspondence thereafter was only intended to memorialize the contract and (2) the statute of frauds did not preclude enforcement of the settlement agreement where the agreement was transcribed, on the record, by a court reporter, thereby establishing clear proof of an offer, acceptance, and consideration[1]). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/28/2017</u>

---

[1] Due to our conclusion that the trial court properly determined that the statute of frauds was not applicable under the specific circumstances of this case, we need not address the contention that Appellant's real property interest was not transferred via the settlement agreement but instead by the terms of the joint venture agreement already in place between the parties.

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| RICHARD C. HAYES and | : | NO. 2015-002485 |
| MALKO E. KARKENNY | : | |
| | : | |
| v. | : | |
| | : | |
| AHMED C. K. KUTTY | : | |

## DECISION

**AND NOW,** this 26th day of May, 2016, following an evidentiary hearing,
a thorough review of the Petition to Enforce Settlement, the response thereto,
and all the trial exhibits admitted in evidence, this Court makes the following
Findings of Fact and Conclusions of Law and enters the following Order:

### (i)    Findings of Fact

1.    Plaintiffs Richard C. Hayes and Malko E. Karkenney and Defendant Ahmed
C. K. Kutty ("Plaintiffs Hayes and Karkenny" and "Defendant Kutty") are each
medical doctors who, through a written Joint Venture Agreement, mutually
invested in a joint venture which owned and operated a commercial building
located at 101 Dutton Street, Ridley Park, Delaware County, Pennsylvania
("Premises").

2.     Plaintiffs Hayes and Karkenny and Defendant Kutty apparently disagreed regarding the meaning and effect of their Joint Venture Agreement in the event a Joint Venturer wishes to sell his interest and the remaining Joint Venturers wish to buy the selling Venturer's interest.

3.     As a result, on March 19, 2015, Plaintiffs Hayes and Karkenny initiated an action requesting a Declaratory Judgment pursuant to the Declaratory Judgment Act, 42 Pa. C.S.A. §§7531-7541, and requested the specific performance by Defendant Kutty of the purchase and sale provisions of the Joint Venture Agreement.  See, Complaint para. 1 through 19 inclusive.

4.     On December 1, 2015, the deposition of Defendant Kutty was noticed for the law office of Defendant's then legal counsel Robert M. Firkser, Esquire, in Media, Pennsylvania.

5.     Plaintiff Hayes and Defendant Kutty appeared and were present in Mr. Firkser's law office, and by agreement of all parties, Plaintiff Karkenny participated in the proceeding "via telephone." Exh. P-1 p.2.

6.     Representing the Plaintiffs Hayes and Karkenny at this proceeding on December 1, 2015, in Mr. Firkser's law office was George Z. Petros, Esquire.

7.     On the record Mr. Firkser said the following, which is recorded by Laurie M. Ridge, Professional Reporter and Notary Public:

2

" . . . We have reached an agreement to resolve this case and we want to put the terms of the agreement on the record. Drs. Karkenny and Hayes will make payments to Dr. Kutty in the amount of $195,000 within 30 days. Dr. Kutty will transfer his ownership in the joint venture which is the subject of this litigation to Drs. Karkenny and Hayes. He will sign the necessary document to effectuate that transfer upon receipt of payment.

Additionally, Drs. Karkenny and Hayes will make payment to Dr. Kutty in an amount equal to 50 percent of the reserves and cash on-hand in the joint venture . . ."

Exh. P-1 pp. 3-4.

8. Plaintiffs Hayes and Karkenny also acknowledge they are purchasing Defendant Kutty's joint venture interest under and subject to a lease between a certain Dr. Kochar and Defendant Kutty. Exh. P-1 pp.4-5.

9. On the record Mr. Petros said the following:

"...[T]he current litigation is in the Court of Common Pleas, Delaware County, Pennsylvania, known as case number 2015-002485. We didn't say this, I think it would be fair to say, consistent with this settlement each party will be releasing the other party from any and all claims they may have had..."

Exh. P-1 p.5.

10. On December 1, 2015, Plaintiffs Hayes and Karkenny and Defendant Kutty agreed to the terms recited by their respective legal counsel on the record as recorded by Ms. Ridge, a Professional Reporter.

3

11. Following the session on December 1, 2015, in an effort to memorialize the settlement agreement and conclude the litigation, Mr. Petros prepared a document titled, "Contract of Sale for the Sale of Land and Improvements of 101 Dutton Street, Ridley Park, PA and Dissolution of Joint Venture", and forwarded the document to Mr. Firkser.

12. Defendant Kutty refused to execute the document prepared by Mr. Petros, apparently terminated Mr. Firkser as legal counsel, and asserts there is no settlement agreement resolving the civil litigation and conveying his joint venture interest to the Plaintiffs.

## (ii) Conclusions of Law

1. Plaintiffs Hayes and Karkenny assert they and Defendant Kutty entered into a settlement agreement on December 1, 2015, which concluded by mutual compromise their civil litigation in this civil case. Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick, 587 A.2d 1346, 1347 (Pa. 1991).

2. Defendant Kutty, as an affirmative defense, asserts any contract between these parties must be in writing since it involves the conveyance of an ownership interest in real estate, and if not in writing, an oral agreement cannot

4

be enforced by reason of the Statute of Frauds, 33 P.S. § 1. Fannin v. Cratty, 480 A.2d. 1056 (Pa. Super. 1984).

3. The recorded transcript of the oral contract between these parties is complete with the offer, acceptance and the consideration described in detail. See, Finding of Fact Nos. 7, 8, 9 and 10 above.

4. The consideration in this settlement agreement is as follows:

(a) Defendant Kutty exchanges his joint venture interest to Plaintiffs Hayes and Karkenny and will release his claims against Plaintiffs in civil case no. 2015-002485; and

(b) Plaintiffs Hayes and Karkenny will pay Defendant $195,000 and 50% of the cash reserves on deposit in the joint venture by a date certain and will release their claims against Defendant in civil case no. 2015-002485.

5. The Premises, which is "an interest in land" is an asset of the Joint Venture and not transferred under the terms of the oral Settlement Agreement.

6. Defendant Kutty's reliance upon the Statute of Frauds, 33 P.S. § 1, as an affirmative defense in this case is misplaced.

7. The statements made by the attorneys for the parties and the record of those statements memorialized in the transcribed record prepared by a professional court reporter is clear and precise proof of the offer, acceptance and consideration exchanged by the Plaintiffs and Defendant on December 1, 2015, which created a binding oral contract in settlement of civil action No. 2015-002485. Edmondson v. Zetusky, 674 A.2d. 760 (Pa. Cmwlth. 1996).

8. The document prepared subsequent to the parties' oral contract by Mr. Petros is intended to identify and assure completion of the performance required of each party under the terms of their December 1, 2015 settlement agreement. See, Exh. D-1.

9. The Plaintiffs have withdrawn their claim raised in the Petition to Enforce Settlement Agreement for attorneys' fees. See, Line Regarding Attorneys' Fee Request.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## (iii) Order

Consistent with the above Findings of Fact and Conclusions of Law, it is hereby ORDERED, as follows:

1. The Plaintiffs Richard C. Hayes and Malko E. Karkenny and the Defendant Ahmed C. K. Kutty did enter into an enforceable settlement agreement on December 1, 2015, by the terms of which:

(a) Plaintiffs Hayes and Karkenny shall pay $195,000.00 to Defendant Kutty together with 50% of the cash reserves held on deposit for the Joint Venture;

(b) Defendant Kutty shall execute such documents and take such action as is reasonably necessary to convey to Plaintiffs his interest as a Joint Venturer in the Joint Venture;

(c) Plaintiffs Hayes and Karkenny understand they are purchasing Defendant Kutty's Joint Venturer interest in the Joint Venture under and subject to a certain lease between a certain Dr. Kochar and Defendant Kutty;

(d) Defendant Kutty and Plaintiffs Hayes and Karkenny shall execute a mutual general release which will finally conclude Delaware County Civil Action No. 2015-002485; and,

7

(e)    The parties shall complete all performance required of each

of them within 90 days of this Order.

BY THE COURT:

_____
G. MICHAEL GREEN,          J.

cc:  Brian C. LeGrow, Esquire
     George Z. Petros, Esquire

8

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

RICHARD C. HAYES and    :  NO.: 2015-002485
MALKO E. KARKENNY     :
             :
  v.           :
             :
AHMED V.K. KUTTY      :

Brian C. LeGrow, Esquire – Counsel for Appellant/Defendant
George Z. Petros, Esquire – Counsel for Appellees/Plaintiffs
Constantine Z. Economides, Esquire – Counsel for Appellees/Plaintiffs

GREEN, J.          DATE: August 22, 2016
       OPINION

Appellant/Defendant, Ahmed C. K. Kutty, appeals from the trial court's May 26, 2016 Decision and Order granting Appellees/Plaintiffs' Petition to Enforce Settlement.

### PROCEDURAL AND FACTUAL HISTORY

Appellees Richard C. Hayes and Malko E. Karkenney and Appellant Ahmed C. K. Kutty ("Appellees Hayes and Karkenny" and "Appellant Kutty") are each medical professionals who, through a written Joint Venture Agreement, mutually invested in a joint venture which owned and operated a commercial building located at 101 Dutton Street, Ridley Park, Delaware County, Pennsylvania ("Premises"). The parties apparently disagreed regarding the meaning and effect of their Joint Venture Agreement

in the event a Joint Venturer wished to sell his interest and the remaining Joint Venturer(s) wished to buy the selling Venturer's interest. As a result, on March 19, 2015, Appellees Hayes and Karkenny initiated an action requesting a declaratory judgment pursuant to the Declaratory Judgment Act, 42 Pa. C.S.A. § 7531, and demanded the specific performance by Defendant Kutty of the purchase and sale provisions of the Joint Venture Agreement. (03/19/15 Complaint ¶¶ 1-19).

On December 1, 2015, the deposition of Appellant Kutty was noticed for the law office of Appellant's then legal counsel Robert M. Firkser, Esquire, in Media, Delaware County, Pennsylvania. Appellee Hayes and Appellant Kutty appeared and were present in Mr. Firkser's law office, and by agreement of all parties, Appellee Karkenny participated "via telephone." Exh. P-1 p.2. Representing the Appellees Hayes and Karkenny at this proceeding on December 1, 2015, in Mr. Firkser's law office was George Z. Petros, Esquire.

On the record Mr. Firkser said the following, which was recorded by Laurie M. Ridge, Professional Reporter and Notary Public:

> "…We have reached an agreement to resolve this case and we want to put the terms of the agreement on the record. Drs. Karkenny and Hayes will make payments to Dr. Kutty in the amount of $195,000 within 30 days. Dr. Kutty will transfer **his ownership in the joint venture** which is the subject of this litigation to Drs. Karkenny and Hayes. He will sign the necessary document to effectuate that transfer upon receipt of payment. Additionally, Drs. Karkenny and Hayes will make payment

2

to Dr. Kutty in an amount equal to 50 percent of the reserves and cash on-hand in the joint venture...."

Exh. P-1 pp. 3-4.(emphasis added).

Appellees Hayes and Karkenny also acknowledged they were purchasing Appellant Kutty's joint venture interest under the subject to lease between a certain Dr. Kochar and Appellant Kutty. Exh. P-1 pp.4-5. On the record Mr. Petros said the following:

"...[T]he current litigation is in the Court of Common Pleas, Delaware County, Pennsylvania, known as case number 2015- 002485. We didn't say this, I think it would be fair to say, consistent with this settlement each party will be releasing the other party from any and all claims they may have had...".

Exh. P-1 p.5.

On December 1, 2015, Appellees Hayes and Karkenny and Appellant Kutty agreed to the terms recited by their respective legal counsel on the record as recorded by Ms. Ridge, a Professional Reporter. Following the session on December 1, 2015, in an effort to memorialize the settlement agreement and conclude the litigation, Mr. Petros prepared a document titled, "Contract of Sale for the Sale of Land and Improvements of 101 Dutton Street, Ridley Park, PA and Dissolution of Joint Venture", and forwarded the document to Mr. Firkser. Appellant Kutty refused to execute the

3

document prepared by Mr. Petros, apparently terminated Mr. Firkser as legal counsel, and asserted there was not a settlement agreement resolving the civil litigation and conveying his joint venture interest to the Appellants.

Appellees Hayes and Karkenny filed a Petition to Enforce Settlement on January 29, 2016. Appellant Kutty's Answer was filed on February 22, 2016 and the matter was scheduled for an evidentiary hearing on May 2016, 2016. The trial court entered a Decision and Order on May 26, 2016 granting the Petition to Enforce Settlement. Kutty's appeal was filed on June 22, 2016.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

The issues raised in Appellant's Concise Statement of Matters Complained of on Appeal are as follows:

1. The Court erred in determining the "Premises" (101 Dutton Street, Ridley Park Delaware County) as [sic] owned by the Joint Venture because each party owns one half interest individually as tenants in common.

2. The Findings of Fact and Conclusions of Law failing to apply the Statute of Frauds were not supported by the facts of the records.

3. Petitioners failed to meet their burden to prove existence of an oral agreement to convey real estate.

4. The Findings of Fact and Conclusions of Law finding an oral agreement was reached by the parties were not supported by facts of record.

4

5.     The settlement agreement is not enforceable because the agreement was subject to certain future events that did not occur.


## I. JOINT VENTURE

Appellant first contends that the trial court erred in determining the "Premises" (101 Dutton Street, Ridley Park Delaware County), as [sic] owned by the Joint Venture because each party owns one half interest individually as tenants in common.  This Court found Appellees Hayes and Karkenny and Appellant Kutty were each medical doctors who, through a written Joint Venture Agreement, mutually invested in a joint venture which owned and operated a commercial building located at 101 Dutton Street, Ridley Park, Delaware County, Pennsylvania ("Premises"). (05/26/16 Decision and Order, FOF #1)  As the parties were clearly negotiating the disposition of Appellant Kutty's interest[1], this distinction is without a difference and at most constitutes harmless error.  The harmless error doctrine underlies every decision to grant or deny a new trial. Harman ex rel. Harman v. Borah, 756 A.2d 1116 (Pa. 2000); Com., Dep't of Gen. Servs. v. U.S. Mineral Products Co., 927 A.2d 717, 723 (Pa. Cmwlth. 2007), *aff'd*, 598 Pa. 331, 956 A.2d 967 (Pa. 2008).  A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently;

---

[1] Appellant Kutty admits in his answer that he desires to sell his interest in the Joint Venture. (April 14, 2015, Answer to Plaintiffs' Complaint with New Matter and Counterclaim, ¶ 4).

5

the moving party must demonstrate prejudice resulting from the mistake. Id. In addition, a new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice. Elliott v. Ionta, 869 A.2d 502 (Pa. Super. 2005). The trial court and the parties understood the dispute involved the ownership interests of the three Joint Venturers.

## II. STATUTE OF FRAUDS

Appellees Hayes and Karkenny assert they and Appellant Kutty entered into a settlement agreement on December 1, 2015 which concluded by mutual compromise their civil litigation in this case. Appellant Kutty, as an affirmative defense, asserts any contract between these parties must be in writing since it involves the conveyance of an ownership interest in real estate, and if not in writing, an oral agreement cannot be enforced by reason of the Statute of Frauds, 33 P.S. § 1. Fannin v. Cratty, 480 A.2d. 1056 (Pa. Super. 1984).

The trial court, having reviewed the recorded transcript of the oral contract between these parties determined that it is complete with the offer, acceptance and the consideration described in detail. (May 26, 2016 Decision, Findings of Fact No. 7, 8, 9 and 10). The enforceability of settlement agreements is determined according to principles of contract law. Ragnar Benson, Inc. v. Hempfield Township Mun. Auth., 916 A.2d 1183, 1188 (Pa. Super. 2007) (citations and quotation marks omitted). An

6

agreement to settle legal disputes between parties is favored. Compu Forms Control Inc. v. Altus Group Inc., 574 A.2d 618, 624 (Pa. Super. 1990). There is a strong judicial policy in favor of voluntarily settling lawsuits because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant. Felix v. Giuseppe Kitchens & Baths, Inc., 848 A.2d 943, 946 (Pa. Super. 2004). If courts were called on to re-evaluate settlement agreements, the judicial policies favoring settlements would be deemed useless. Greentree Cinemas Inc. v. Hakim, 432 A.2d 1039, 1041 (Pa. Super. 1981). Settlement agreements are enforced according to principles of contract law. Pulcinello v. Consolidated Rail Corp., 784 A.2d 122, 124 (Pa. Super. 2001), *appeal denied*, 568 Pa. 703, 796 A.2d 984 (2002). "There is an offer (the settlement figure), acceptance, and consideration (in exchange for the plaintiff terminating his lawsuit, the defendant will pay the plaintiff the agreed upon sum)." Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick, 587 A.2d 1346, 1348 (Pa. 1991).

The consideration in this settlement agreement is as follows:

(a) Appellant Kutty exchanges his joint venture interest to Appellants Hayes and Karkenny and will release his claims against Appellants in civil case no. 2015-002485; and

(b) Appellees Hayes and Karkenny will pay Appellant $195,000 and 50% of the cash reserves on deposit in the joint venture by a date certain and will release their claims against Kutty in civil case no. 2015-002485.

7

The Premises was not transferred under the terms of the oral Settlement Agreement. Appellant Kutty's ownership interest in the Joint Venture was transferred. As such, Appellant Kutty's reliance upon the Statute of Frauds, 33 P.S. § 1, as an affirmative defense is misplaced.

## III. ORAL AGREEMENT

Appellant's third and fourth arguments on appeal shall be addressed concurrently. Therein, Appellant contends Appellee Hayes and Karkenny failed to meet their burden to prove existence of an oral agreement to convey real estate and that the determination that an oral agreement was reached by the parties was not supported by facts of record. As addressed above, this court determined that the reliance on the Statute of Frauds was misplaced as the Premises at issue was not transferred under the terms of the oral Settlement Agreement. Appellant Kutty's ownership interest in the Joint Venture was transferred.

In limited circumstances, a plaintiff may enforce an agreement to convey real property on the strength only of an oral agreement. These include, for example, cases where the seller admits that there was an oral agreement for the sale of the property or has waived the Statute of Frauds defense. *See, e.g.*, Zlotziver v. Zlotziver, 49 A.2d 779, 781 (Pa. 1946) (holding that where the seller admits, either in pleadings or testimony, the existence of the contract, the purpose of the Statute of Frauds is served and the oral

8

agreement will be enforced). Land may also change hands where there is proof that the buyer paid consideration for the land; that the buyer took possession of the land; that the buyer's harm could not be compensated in damages; and that a rescission would be manifestly unfair.) Firetree, Ltd. v. Dep't of Gen. Servs., 978 A.2d 1067, 1074 (Pa. Cmwlth. 2009).

It was clearly the intent of the parties to transfer Appellant Kutty's ownership interest.[2] The trial court, having reviewed the recorded transcript of the oral contract between these parties determined that it is complete with the offer, acceptance and the consideration described in detail. (May 26, 2016 Decision, Findings of Fact No. 7, 8, 9 and 10). The work of the attorneys for the parties and the record of that work memorialized in the transcribed record prepared by a professional court reporter is clear and precise proof of the offer, acceptance and consideration exchanged by the Appellees and Appellant on December 1, 2015, which created a binding oral contract in settlement of civil action No. 2015-002485. Edmondson v. Zetusky, et al 674 A.2d. 760 (Pa. Cmwlth. 1996).

## IV. SETTLEMENT AGREEMENT

Finally, Appellant contends that the settlement agreement is not enforceable because the agreement was subject to certain future events that did not occur. However,

---

[2] April 14, 2015, Answer to Plaintiffs' Complaint with New Matter and Counterclaim, ¶ 4.

9

where a settlement agreement contains all of the requisites for a valid contract, a court must enforce the terms of the agreement. McDonnell v. Ford Motor Co., 643 A.2d 1102, 1105 (Pa. Super. 1994), *appeal denied*, 539 Pa. 679, 652 A.2d 1324 (1994). This is true even if the terms of the agreement are not yet formalized in writing. Mazzella v. Koken, 739 A.2d 531, 536 (Pa. 1999); *see* Commerce Bank/Pennsylvania v. First Union Nat. Bank, 911 A.2d 133, 147 (Pa. Super. 2006) (stating "an agreement is binding if the parties come to a meeting of the minds on all essential terms, even if they expect the agreement to be reduced to writing but that formality does not take place."). Pursuant to well-settled Pennsylvania law, oral agreements to settle are enforceable without a writing. Kazanjian v. New England Petroleum Corp., 480 A.2d 1153, 1157 (Pa. Super. 1984).

This court found the document prepared subsequent to the parties' oral contract by Mr. Petros was intended to memorialize the performance required of each party under the terms of their December 1, 2015 settlement agreement. (Exh. D-1.) The essential terms of the agreement were placed on the record on December 1, 2015 and therefore this agreement was fully enforceable.

For the foregoing reasons, the May 26, 2016 Order should not be disturbed.

BY THE COURT:

G. Michael Green,                    J.

10