**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3997
_____

JENN CHING-LUO,
                                                Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; GEOFFREY BALL;
SWEET STEVENS KATZ WILLIAMS LLP; SHARON W. MONTANYE;
JONATHAN P. RIBA; JUSTIN D. BARBETTA; THE PENNSYLVANIA
DEPARTMENT OF EDUCATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-00095)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2022
Before:  RESTREPO, PHIPPS and COWEN, Circuit Judges[*]

(Opinion filed:  September 27, 2022)
_____

OPINION[**]

_____

[*] The Honorable Robert E. Cowen participated in the decision in this case.  Judge Cowen assumed inactive status on April 1, 2022 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. §46(d) and Third Circuit I.O.P. Chapter 12.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pursuant to the requirements of the Individuals with Disabilities Education Act

(IDEA), the Owen J. Roberts School District in Pottstown, Pennsylvania (the School

District) provides special education services to B.L., appellant Jenn-Ching Luo's minor

son. Luo filed this action under 42 U.S.C. § 1983 and Pennsylvania law against the

School District and others, challenging the process used for ongoing evaluation of B.L.

The District Court granted the defendants' dispositive motions, entered judgment against

Luo, and denied reconsideration. Luo's appeal of those rulings is now before us.

I.

In 2019, Luo sued the School District, its special-education supervisor Geoffrey

Ball, the Pennsylvania Department of Education (the Department), the law firm of Sweet

Stevens Katz Williams LLP (SSKW), and three SSKW attorneys who litigated Luo's due

process complaints under the IDEA on behalf of the School District.[1] Primarily, Luo

purported to raise civil rights claims predicated on violations of perceived procedural due

process rights under the Fourteenth Amendment.

Specifically, Luo claimed that in January 2017, the School District's

individualized education program (IEP) Team reevaluated B.L. without notice or an

opportunity for Luo to participate in that reevaluation. Luo cited, among other IDEA-

---

[1] This was not Luo's first suit against the School District. See, e.g., Luo v. Owen J. Roberts Sch. Dist., 737 F. App'x 111 (3d Cir. 2018) (per curiam), cert. denied, 139 S. Ct. 811 (2019).

2

implementing regulations he alleged were violated, 34 C.F.R. §§ 300.303(a) (incorporating for reevaluations the procedures governing evaluations), 300.304(a) (governing parental notice of evaluations), and 300.322(a) (requiring, in essence, a meaningful opportunity for parent participation in IEP Team meetings).[2]

Luo also claimed that in May 2018 he requested an independent educational evaluation (IEE) and the School District declined to pay the cost of that evaluation, even though it was required to do so. Luo alleged that the School District (represented by SSKW) improperly filed a motion to dismiss the due process complaint it had filed that same month in response to Luo's requested IEE. Luo also alleged that the motion to dismiss should not have been granted without an evidentiary hearing.[3]

Luo raised additional, state law claims for civil conspiracy and abuse of process. For relief, Luo requested tens of millions of dollars in damages.

Next came dispositive motions. SSKW and its attorneys filed a motion to dismiss Luo's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The School District and Ball together did the same. The Department filed a motion to dismiss the complaint under Rule 12(b)(6) and also under Rule 12(b)(1) (concerning "lack of subject-matter jurisdiction").

---

[2] Luo raised these issues in a due process complaint that was ultimately rejected by a hearing officer, whose ruling was upheld on appeal in the Pennsylvania courts.

[3] Luo relayed in his complaint that he appealed to the Commonwealth Court of Pennsylvania the hearing officer's decision granting the motion to dismiss.

The District Court entered an order on the docket on November 15, 2019, granting the motions and dismissing the case for failure to state a claim. In a lengthy footnote to the order, the District Court analyzed the defendants' motions collectively and set forth its reasoning in detail. The District Court determined that all of Luo's federal civil rights claims were non-cognizable because § 1983 may not be used as "a vehicle to remedy violations of IDEA-created rights." DC ECF No. 16 at 5. The District Court next determined that Luo failed to state a claim for civil conspiracy against Ball and two of the SSKW attorneys "because an attorney cannot conspire with a client when providing advice or advocacy on behalf of his client." Id. at 6. Finally, the District Court determined that Luo failed to state a clam for abuse of process against SSKW and its attorneys because he did not plead any facts suggesting that they sought to "achieve a purpose other than the resolution of the administrative hearing" concerning the requested IEE and the School District's motion to dismiss the due process complaint it had filed. Id.

Luo timely moved for reconsideration, requesting that the District Court correct several errors in its order of dismissal and also that it identify whether the dismissal was with or without prejudice. The District Court then entered an order on December 4, 2019, denying the motion for reconsideration, and making clear that its earlier order of dismissal was with prejudice.

Luo filed a notice of appeal on December 26, 2019. In it he seeks review of the District Court's orders dismissing the case and denying reconsideration.

II.

We have jurisdiction under 28 U.S.C. § 1291. Luo's appeal is timely as to both the District Court's November 15, 2019- and December 4, 2019-entered orders, through the mechanism of either the separate document rule, see Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7)(A)(ii); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007), or Federal Rule of Appellate Procedure 4(a)(4)(A) (providing that a timely motion for reconsideration tolls the time to appeal the district court's judgment).[4]

We review de novo the District Court's order granting the defendants' motions under Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). And we may affirm on any bases that find support in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). A pro se pleading, moreover, is to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We review for abuse of discretion the District Court's order denying Luo's motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). "[A] judgment may be altered or amended if the party seeking

---

[4] "[S]o-called 'footnote opinions,'" E. D. v. Sharkey, 928 F.3d 299, 310 (3d Cir. 2019) (Smith, C.J., concurring), such as the one entered by the District Court on November 15, 2019, typically invite application of Rule 4(a)(7)(A)(ii).

reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. at 677.

### III.

We have carefully considered Luo's arguments against the record on appeal and, finding no reversible error by the District Court, we will affirm. Our reasoning follows.

To begin with, Luo's claim for abuse of process was properly dismissed under Rule 12(b)(6). Critically, Luo failed to plausibly plead that SSKW and its attorneys lacked any reasonably justifiable basis for the way in which they litigated the administrative proceedings at issue. See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 308 (3d Cir. 2003) (explaining that "the point of liability" for abuse of process under Pennsylvania law "is reached when 'the utilization of the procedure for the purpose for which it was designed becomes so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure'") (citation omitted).

Luo's claim for civil conspiracy also was properly dismissed by the District Court. Under Pennsylvania law, "[a] civil conspiracy is a combination or agreement between two or more persons to commit an unlawful act or a lawful act by unlawful means."

Aetna Electroplating Co. v. Jenkins, 484 A.2d 134, 137 (Pa. 1984). Luo failed to plausibly plead anything of the sort.[5]

Turning to Luo's federal civil rights claims, we are in general agreement with the District Court that litigants cannot use § 1983 to remedy statutory violations of the IDEA. That is the holding of A.W. v. Jersey City Public School, 486 F.3d 791, 802-03 (3d Cir. 2007) (en banc). More relevant to this case, it matters not that Luo predicated his § 1983 claims on violations of IDEA-implementing *regulations*, rather than on violations of IDEA statutory provisions. Cf. S. Camden Citizens in Action v. New Jersey Dep't of Env't Prot., 274 F.3d 771, 790 (3d Cir. 2001) (holding "that a federal regulation alone may not create a right enforceable through section 1983 not already found in the enforcing statute," and rejecting "the argument that enforceable rights may be found in any valid administrative implementation of a statute that in itself creates some enforceable right"). The District Court was thus correct to dismiss Luo's claims as non-cognizable under § 1983.[6]

---

[5] The District Court cited Heffernan v. Hunter, 189 F.3d 405 (3d Cir. 1999) as "hold[ing] that '[n]o conspiracy can exist where an attorney's advice or advocacy is for the benefit of his client rather than for the attorney's sole personal benefit.'" DC ECF no. 16 at 6 (quoting Heffernan, 189 F.3d at 411). The quoted language reflects our recitation of the *district court's* conclusion in that case. Heffernan's relevant holding was narrower: We concluded there that a plaintiff fails to plead an actionable conspiracy, and thus fails to plead a viable civil-rights-conspiracy claim under 42 U.S.C. § 1985, where the allegedly unlawful actions of the attorneys and their client are—ethical or not—within the scope of the attorney-client relationship. See 189 F.3d at 413.

Therefore, the District Court did not err in granting the three motions under Rule 12(b)(6) to dismiss Luo's complaint for failure to state a claim. And because Luo failed to present the District Court with a legitimate basis to change its decision, the District Court did not abuse its discretion in denying Luo's motion for reconsideration.

IV.

A final issue is in need of discussion. Luo's filings on appeal are replete with obscenities and other coarse language, denigrations of the District Judge and the parties, and violent meditations referencing state and federal judges in the geographic jurisdiction of this Circuit. These filings veer wildly from acceptable passionate advocacy; their content is plainly inappropriate and unacceptable in court submissions.

While this inappropriate content has not affected our disposition of the merits of the appeal—review of a district court's dismissal under Rule 12(b)(6) requires an

---

[6] As many appellees recognize, see Doc. 17 at 19 (ECF pagination); Doc. 24 at 24 (ECF pagination), the rule in this Circuit is "that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). The District Court, as part of its November 15, 2019-entered order, did not extend to Luo the opportunity to amend and it did not, in the alternative, determine that amendment would be futile (for example). Notably, Luo would later, as part of his motion for reconsideration, state his intention "to stand on his complaint" so that he could immediately appeal the District Court's order of dismissal. DC ECF No. 17 at 1 (citing Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam)). Perhaps, then, Luo would not have accepted an invitation to amend his complaint even if the invitation had been extended. In any event, Luo's opening brief does not contain anything remotely resembling an argument that the District Court abused its discretion in declining to afford leave to amend, so that issue has not been preserved for appeal. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

evaluation of the pleaded claims, not the pleading claimant—it does necessitate that we caution Luo that further misconduct in this Court will prompt consideration of sanctions. Cf. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.") (citation omitted). Such sanctions could include filing restrictions or monetary penalties or both. Luo should take immediate heed of this warning.

V.

Accordingly, for the reasons given above we will affirm the District Court's judgment. Luo's "Motion to collateral attack Pennsylvania Commonwealth court's and hearing officer's judgments as void" (Doc. 27), insofar as it is construed as a motion to strike the supplemental appendix filed by appellees Ball and the School District, is granted. See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (stating that a party may supplement the record on appeal in only "exceptional circumstances"). The supplemental appendix is struck from the docket; we have not considered its contents in reaching our decision in this appeal, and the filing should not feature in any bill of costs. Luo's motion to expedite disposition of the appeal (Doc. 35) is denied.

9