# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert M. McCord, in his official : 
capacity as the Treasurer of the : 
Commonwealth of Pennsylvania, : 
        Plaintiff : 
                  : 
     v. : 
                  : 
Pennsylvanians for Union Reform, : 
and Simon Campbell, President, :   No. 87 M.D. 2014
        Defendants :   Submitted: June 24, 2016

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
       HONORABLE ANNE E. COVEY, Judge
       HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY           FILED: September 9, 2016

    Timothy A. Reese, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania (State Treasurer)[1] moves this Court for judgment on the pleadings (Motion), seeking to dismiss the counterclaim filed by Pennsylvanians for Union Reform (PFUR). The issues before this Court are: (1) whether genuine issues of material fact preclude judgment on the pleadings, and (2) whether the State Treasurer should be sanctioned.

## Background

    On January 15, 2014, the State Treasurer received a letter from PFUR's counsel requesting production of the executive branch employee list compiled and

---

[1] Robert M. McCord resigned his office on January 30, 2015. Timothy P. Reese became State Treasurer on June 26, 2015. Under Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 502(c), when a public officer named in an appeal ceases to hold office, "his successor is automatically substituted as a party."

purportedly submitted to Pennsylvania's Treasury Department (Department) in accordance with Section 614 of The Administrative Code of 1929 (Administrative Code)[2] (List).  Section 614 of the Administrative Code provides:

> (a) **All administrative departments, boards, and commissions and the Attorney General shall on July 15 of each year, transmit to** the Auditor General, **the State Treasurer** and Secretary of the Budget **a complete list**, and to the Legislative Data Processing Center[3] a computer tape of such list, as of July 1 preceding, **of the names of all persons**, except day-laborers, **entitled to receive compensation from the Commonwealth for services rendered** in or to the department, board, or commission, as the case may be.  **Such list shall show for each such person the position occupied, the date of birth, county of residence, voting residence, the salary at which or other basis upon which such person is entitled to be paid, the date of entry into the service of the Commonwealth, whether such person has been continuously employed by the Commonwealth since that date, and all periods of service and positions held as an employe of the Commonwealth, or such part of such information related to previous service and positions as the Governor may prescribe**.
>
> (a.1) The Auditor General and the State Treasurer shall on July 15 of each year transmit to the Secretary of the Budget a complete list, and to the Legislative Data Processing Center a computer tape of such list, as of July 1 preceding, of the names of all persons, except day-laborers, entitled to

---

[2] Act of April 9, 1929, P.L. 177, *as amended*, added by Section 3 of the Act of September 27, 1978, P.L. 775, 71 P.S. § 234.

[3] The Legislative Data Processing Center is

> an agency of the Pennsylvania General Assembly.  Created by the act of December 10, 1968 (P.L. 1158, No. 365), the purpose of the agency is to establish and operate computer systems capable of storing and retrieving all of the financial, factual, procedural and legal information necessary to serve all of the committees, officers and agencies of the Pennsylvania General Assembly.

http://www.paldpc.us.

receive compensation from the Commonwealth for services rendered in or to the Auditor General or the State Treasurer, as the case may be. Such list shall show the position occupied by each such person, the date of birth and voting residence of such person, the salary at which or other basis upon which such person is entitled to be paid, the date when such person entered the service of the Commonwealth, whether such person has been continuously employed by the Commonwealth since that date, and all periods of service and positions held as an employe of the Commonwealth.

(b) No later than the 15th of each month thereafter, the Attorney General, the heads of the several administrative departments, and the several independent administrative boards and commissions, shall certify to the Auditor General, the State Treasurer and the Secretary of the Budget any changes in the annual list of employes last transmitted to them which shall have occurred during the preceding month and shall provide to the Legislative Data Processing Center a computer tape of such changes.

(b.1) No later than the 15th of each month thereafter, the Auditor General and the State Treasurer shall certify to the Secretary of the Budget any changes in the annual list of employes last transmitted to them which shall have occurred during the preceding month and shall provide to the Legislative Data Processing Center a computer tape of such changes.

(c) **The information received by** the Auditor General, **the State Treasurer** and the Secretary of the Budget, under this section, **shall be public information, except that the information identifying the voting residence of the persons employed by the Commonwealth shall not be public information and may not be treated as such**.

71 P.S. § 234 (emphasis added). PFUR's request specified that it was not made under the Right-to-Know Law (RTKL).[4]

By January 22, 2014 letter, the State Treasurer replied that it would consider PFUR's request under the RTKL and respond within 30 days. On January

---

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

27, 2014, PFUR informed the State Treasurer that since the List was not sought under the RTKL, if the State Treasurer did not comply, PFUR intended to proceed with a mandamus action to enforce the Administrative Code.

On February 24, 2014, the State Treasurer filed a petition for review in the nature of a complaint against PFUR and its president Simon Campbell (Campbell) seeking declaratory and injunctive relief concerning the State Treasurer's application of the RTKL and the personal safety and identification exemptions contained therein to PFUR's List request. On March 11, 2014, with leave of Court, the State Treasurer filed an Amended Complaint, wherein, he requested a declaration from this Court that:

- All requests for the production of records[] identified as 'public' pursuant to the Administrative Code[] are governed by the [RTKL]; and

- The [RTKL]'s exceptions for public records are applicable to all requests for public records; including records identified as 'public' pursuant to the Administrative Code; and

- Pursuant to the [Pennsylvania Web Accountability and Transparency Act (PennWATCH Act)[5]], the [RTKL]'s exceptions for publicizing records are applicable to requests for public records identified under the Administrative Code.

Amended Complaint at 2; *see also* Amended Complaint at 22.

On March 28, 2014, PFUR filed preliminary objections in the nature of a demurrer to the Amended Complaint. On May 14, 2014, this Court granted an application to intervene filed by the American Federation of State, County and Municipal Employees, Council 13, AFL-CIO; the Federation of State, Cultural and Educational Professionals, Local 2382 American Federation of Teachers of

---

[5] Act of June 30, 2011, P.L. 81, 72 P.S. §§ 4664.1-4664.6.

Pennsylvania, AFL-CIO; and the United Food and Commercial Workers, Local 1776, AFL-CIO (collectively, the Unions).

On June 23, 2014, the State Treasurer opposed PFUR's preliminary objections, and the Commonwealth of Pennsylvania, Office of Administration (OA) filed an *amicus curiae* brief in opposition to PFUR's preliminary objections. On June 26, 2014, the Unions also filed a brief in opposition to PFUR's preliminary objections in which they adopted the State Treasurer's arguments. After hearing argument on PFUR's preliminary objections, this Court, by September 24, 2014 order, overruled PFUR's first preliminary objection because the Amended Complaint stated a cause of action against PFUR, and directed PFUR to answer the Amended Complaint. *McCord v. Pennsylvanians for Union Reform*, 100 A.3d 755 (Pa. Cmwlth. 2014) (*McCord I*).[6]

On October 14, 2014, PFUR timely filed an answer, new matter and counterclaim to the Amended Complaint. On that same date, PFUR filed a third-party complaint joining OA as an additional defendant.[7] The State Treasurer answered PFUR's new matter on November 3, 2014. The Unions incorporated the State Treasurer's reply in their answer to PFUR's new matter. On November 14, 2014, OA filed an answer and new matter to PFUR's third-party complaint.[8] The pleadings were closed.

---

[6] This Court also held that the Amended Complaint failed to state a cause of action against Campbell, and sustained PFUR's second preliminary objection. Consequently, Campbell was dismissed from the action. *McCord I*.

[7] In the third-party complaint, PFUR sought judgment in mandamus from this Court compelling OA to comply with its statutory duty to supply the List to the Auditor General, State Treasurer and Budget Secretary as prescribed by Section 614 of the Administrative Code. *See* PFUR Third-Party Complaint at 20-21.

[8] PFUR did not answer OA's new matter. Because OA's answer and new matter to PFUR's third-party complaint was not endorsed with a notice to plead, PFUR was not required to respond to OA's new matter, and the averments therein are deemed denied. *See* Pa.R.C.P. No. 1026(a); *see also McCormick v. Allegheny Gen. Hosp.*, 527 A.2d 1028 (Pa. Super. 1987).

On November 3, 2015, the State Treasurer[9] filed a motion for partial judgment on the pleadings (Partial Motion) seeking declaratory and injunctive relief against PFUR. PFUR opposed the Partial Motion on December 31, 2014. The State Treasurer responded to PFUR's opposition on January 12, 2015. On March 18, 2016, this Court denied the Partial Motion and dismissed the State Treasurer's injunctive relief claim (Opinion).[10]

On April 7, 2016, the State Treasurer filed the subject Motion in order to have PFUR's counterclaim against that State Treasurer dismissed on the basis that the State Treasurer is no longer a proper party to this action. PFUR opposed the Motion on April 14, 2016.

## Motion for Judgment on the Pleadings

"Any party may move for a judgment on the pleadings after relevant pleadings are closed but within such time as not to unreasonably delay the trial." *Mun. Auth. of the Borough of Midland v. Ohioville Borough Mun. Auth.*, 108 A.3d 132, 136 (Pa. Cmwlth. 2015); *see also* Pennsylvania Rule of Appellate Procedure

---

[9] The State Treasurer sought partial judgment on the pleadings in his and the Unions' favor. The Partial Motion stated that the Unions have "authorized [the State Treasurer's counsel] to represent to this Court their concurrence and joining in the submission of this Motion to this Court." Motion ¶ 4.

[10] On April 14, 2016, the State Treasurer and the Unions filed a Joint Application to Amend the Court's March 18, 2016 Order Pursuant to Pa.R.A.P. 1311(b) (Joint Amendment Application), in order to allow them to take an immediate appeal to the Pennsylvania Supreme Court. This Court denied the Joint Amendment Application on May 16, 2016.

Also on April 14, 2016, the State Treasurer and the Unions filed a notice of appeal with our Supreme Court (Docket No. 42 MAP 2016). On April 15, 2016, OA appealed to the Supreme Court (Docket No. 43 MAP 2016). The appeals were consolidated, and the Commonwealth Court record was transmitted to the Supreme Court on June 22, 2016.

On June 14, 2016, the Unions filed a petition for review of this Court's Order denying the Joint Amendment Application with the Supreme Court (Docket No. 82 MM 2016). PFUR filed an answer to the petition for review. The State Treasurer and OA filed "no answer" letters.

6

1532; Pa.R.C.P. No. 1034(a). "The court must treat [a] motion [for judgment on the pleadings] as if it were a preliminary objection in the nature of a demurrer." *Piehl v. City of Phila.*, 987 A.2d 146, 154 (Pa. 2009). Accordingly,

> [w]hen ruling on a motion for judgment on the pleadings, we view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted are considered against the opposing party. We consider only the pleadings themselves and any documents properly attached to them. **We grant judgment on the pleadings only when there is no genuine issue of fact <u>and</u> the moving party is entitled to judgment as a matter of law**.

*Stilp v. Gen. Assembly*, 929 A.2d 660, 661-62 n.3 (Pa. Cmwlth. 2007) (citations omitted; emphasis added), *aff'd*, 974 A.2d 491 (Pa. 2009). "Such a motion may be granted only where the law is clear that a trial would be a fruitless exercise." *Stoppie v. Johns*, 720 A.2d 808, 809 (Pa. Cmwlth. 1998).

Our Supreme Court has declared that courts considering a plaintiff's motion for judgment on the pleadings are limited to reviewing the complaint and the answer and new matter. *Herman v. Stern*, 213 A.2d 594 (Pa. 1965). However, where, as here, the State Treasurer seeks review of PFUR's counterclaim, this Court is authorized to consider the counterclaim and the State Treasurer's reply thereto. *Bata v. Central-Penn Nat'l Bank of Phila.*, 224 A.2d 174 (Pa. 1966).

Here, PFUR's counterclaim seeks judgment in mandamus from this Court to compel the State Treasurer to comply with its statutory duty to supply the List to PFUR as prescribed by Section 614 of the Administrative Code. *See* PFUR Ans., N.M. and Counterclaim at 31. Our Supreme Court has explained:

> A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there

is a clear legal right in the plaintiff, and a corresponding duty in the defendant.

*McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005). "Mandamus is not proper to establish a legal right, but is only appropriately used to enforce those rights that have already been established." *Bright v. Pa. Bd. of Prob. & Parole*, 831 A.2d 775, 777 (Pa. Cmwlth. 2003).

PFUR's counterclaim specifically avers, in pertinent part:

112. PFUR has suffered harm because the State Treasurer has refused to disclose the Commonwealth employee information required to be public information as set forth in [Section 614 of the Administrative Code].

. . . .

115. The provisions of [Section 614 of the Administrative Code] are mandatory and must be complied with by the State Treasurer in light of the request of PFUR for this public information access to which is guaranteed by the provisions of [Section 614 of the Administrative Code]. The State Treasurer has no discretion to act, and thus, an action in mandamus is proper and [] an order requiring compliance with the provisions of [Section 614 of the Administrative Code] is required.

PFUR Ans., N.M. and Counterclaim at 29-30. The State Treasurer denies "that the counterclaim has been properly brought within the context of this declaratory judgment action or that the State Treasurer has a ministerial or mandatory duty to provide public access to the [List] outside of the provisions of the [RTKL]. *See McCord v.* [*PFUR*], [100] A.3d [755], . . . (Pa. Cmwlth. . . . 2014)." State Treasurer Ans. to Counterclaim ¶ 112; *see also* State Treasurer Ans. to Counterclaim ¶ 115.

To justify mandamus relief in this case, PFUR must prove that it has a clear legal right to the List, and that the State Treasurer has a corresponding duty to make it publicly accessible. In the Opinion, this Court decided only "whether the List is subject to redaction in accordance with the RTKL (Limited Issue)." Op. at 7

8

(quotation marks omitted). On the Limited Issue, the Court held "as a matter of law that the List is not subject to redaction under the RTKL." Op. at 21. The Court reached its conclusion after a detailed evaluation of the applicable statutes, regulations and case law, including Section 7.201 of the Administrative Regulations, 4 Pa. Code § 7.201, which has always made the List available for public inspection and copying at the State Library.[11] *See* Op. at 13-18. Therefore, the Court reasoned that "when PFUR made its January 2014 request, the List . . . should have been accessible at the State Library . . . ." Op. at 21.

> The State Treasurer's Motion now avers, in relevant part:
>
> 3. . . . [the State] Treasurer [] is no longer a proper[] party to this case . . . . The counterclaim presents a claim in mandamus, but **no provision establishes a duty on the [State] Treasurer, enforceable in mandamus, to place those documents in the [State] Library**. To the contrary, the applicable regulation and Management Directives, in

---

[11] Section 7.201 of the Administrative Regulations states:

> Under [Section 3 of the Right-to-Know Act, Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. § 66.3, repealed by Section 3 of the Act of June 29, 2002, P.L. 663,] a list of salaried employes under the jurisdiction of the Governor, having been declared public information by [S]ection 603 of The Administrative Code of 1929 (71 P.S. § 223), will be made accessible to citizens of the Commonwealth as follows:
>
> > (1) The list shall be available, without written request, during regular business hours at the Government Publications Section, State Library, Room 116 Education Building, Commonwealth Avenue and South Drive, Harrisburg, Pennsylvania 17120.
> >
> > (2) A citizen of the Commonwealth may inspect, extract, photograph or copy all or any part of the list. Rules of the State Library as to access, copying and charges for copying will apply.

4 Pa. Code § 7.201; *see also* PFUR Ans., N.M. and Counterclaim ¶ 76. Section 603 of the Administrative Code was the predecessor to Section 614 of the Administrative Code. *See* Op. at 13-18.

particular Management Directive 505.12, as amended June 26, 2001, appear to impose that obligation on the Secretary of Administration.

4. There are no genuine issues of material fact that would prevent a final resolution of the counterclaim of PFUR against the [State] Treasurer and the underlying issue of whether the [State] Treasurer has a mandatory duty pursuant to Section 614 of the Administrative Code . . . to provide access to the [List].

Motion at 2-3 (emphasis added). PFUR denies that the State Treasurer has no duty to disseminate the List, and further expresses that the State Treasurer may not use OA's purported statutory and regulatory violations to excuse his legal obligations. *See* PFUR's Ans. to Motion at 2-4.

Precisely how the List is maintained and made publicly available at the State Library under Section 614 of the Administrative Code and Section 7.201 of the Administrative Regulations is unclear based upon the pleadings in this case. Hence, this Court held in the Opinion:

[T]he extent to which the List currently complies with Section 614 of the Administrative Code **is a factual question** this Court cannot decide based merely on the pleadings. **Thus, litigation of** the State Treasurer's Amended Complaint, **PFUR's counterclaim against the State Treasurer** and PFUR's third-party complaint against OA **shall proceed on that issue**.

Op. at 21-22 (emphasis added; footnote omitted). The pleadings have not changed since the Opinion was issued.

Section 614(a) of the Administrative Code specifically requires that all Commonwealth departments, boards, commissions and the Attorney General **annually transmit their employee information to** the Auditor General, the Budget

10

Secretary and **the State Treasurer**[12] and also submit a computer tape containing that information to the Legislative Data Processing Center. *See* 71 P.S. § 234(a). Under Section 614(b) of the Administrative Code, those same departments, boards and commissions **must certify** on a monthly basis thereafter **any changes to their previously-submitted information to** the Auditor General, the Budget Secretary and **the State Treasurer**, and submit such changes to the Legislative Data Processing Center.[13] *See* 71 P.S. § 234(b). In addition, Section 614(c) of the Administrative Code declares that the information received by the State Treasurer "shall be public information[.]" 71 P.S. § 234(c). Thus, Section 614 of the Administrative Code makes clear that the State Treasurer at all times possesses the List, and that it is always public information.[14]

The State Treasurer argues that "the applicable regulation [(*i.e.*, Section 7.201 of the Administrative Regulations)] and Management Directives, in particular Management Directive 505.12, . . . *appear to* impose th[e List accessibility] obligation on the Secretary of Administration." Motion at 2 (emphasis added). However, Section 7.201 of the Administrative Regulations does not reference the Secretary of Administration. Moreover, "[a] management directive is not an administrative regulation with the force and effect of law." *Cutler v. State Civil Serv. Comm'n (Office of Admin.)*, 924 A.2d 706, 711 (Pa. Cmwlth. 2007). Further, the mere implication that the Secretary of Administration *may* be responsible for the List

---

[12] The Auditor General and the State Treasurer must annually transmit their employee information to the Budget Secretary and the Legislative Data Processing Center. *See* 71 P.S. § 234(a.1).

[13] The Auditor General and the State Treasurer must transmit changes to their employee information to the Budget Secretary on a monthly basis, and submit such changes to the Legislative Data Processing Center. *See* 71 P.S. § 234(b.1).

[14] Based solely on Section 614 of the Administrative Code, it is unclear whether the State Treasurer receives the Auditor General's or the Budget Secretary's employee information and, thus, possesses the entire List. However, the State Treasurer confirmed in his brief that Section 614 of the Administrative Code identifies him "as the recipient of the [] [L]ist[.]" State Treasurer Br. at 9.

at the State Library illustrates that there are outstanding issues of material fact. Thus, the State Treasurer's argument that "the applicable regulation and Management Directives . . . *appear to* impose th[e List accessibility] obligation on the Secretary of Administration," is an insufficient basis upon which the Court may conclude that the State Treasurer has no duty to make the List publicly accessible at the State Library in accordance with Section 7.201 of the Administrative Regulations.[15] Motion at 2 (emphasis added).

Under circumstances in which it is not evident based upon the pleadings whether the State Treasurer has a duty to make the List publicly accessible at the State Library, there remain genuine issues of material fact that prevent final resolution of PFUR's counterclaim at this time. Thus, the State Treasurer's Motion is denied.

## Sanctions

PFUR argues that the State Treasurer should be sanctioned by this Court pursuant to Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7), for attempting to re-litigate this matter when the Opinion clearly stated that outstanding issues of genuine fact preclude judgment on the pleadings.

Section 2503(7) of the Judicial Code authorizes the courts to award counsel fees to a party "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7). The Judicial Code does not specifically define "dilatory, obdurate or vexatious conduct[.]" *Id.*

Section 1903(a) of the Statutory Construction Act of 1972 provides that when words in a statute are undefined, they must be accorded "their common and approved usage[.]" 1 Pa.C.S. § 1903(a). "Where a court needs to define an

---

[15] Notably, Section 7.201 of the Administrative Regulations does not make the State Library itself responsible for the List's dissemination.

undefined term, it may consult definitions in statutes, regulations or the dictionary for guidance, although such definitions are not controlling." *Adams Outdoor Adver., LP v. Zoning Hearing Bd. of Smithfield Twp.*, 909 A.2d 469, 483 (Pa. Cmwlth. 2006). *Black's Law Dictionary* 1701 (9th ed. 2009) defines "vexatious" conduct to be "without reasonable or probable cause or excuse; harassing; annoying." According to the Pennsylvania Superior Court,

> [g]enerally speaking, 'obdurate' conduct may be defined in this context as 'stubbornly persistent in wrongdoing.' WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 815 (1987). Conduct is 'dilatory' where the record demonstrates that counsel displayed a lack of diligence that delayed proceedings unnecessarily and caused additional legal work. *See Gertz v. Temple Univ.*, . . . 661 A.2d 13, 17 n.2 ([Pa. Super.] 1995). Although disposition of claims under [Section 2503(7) of the Judicial Code] generally requires an evidentiary hearing, no hearing is necessary where the facts are undisputed.

*In re Estate of Burger*, 852 A.2d 385, 391 (Pa. Super. 2004), *aff'd,* 898 A.2d 547 (Pa. 2006).

In the instant case, this Court in the Opinion held that since, *inter alia*, the List was to be publicly accessible at the State Library, it is not subject to redaction under the RTKL. The Court also declared therein that the State Treasurer was one of three parties in possession of the List which is to be available at the State Library. Because the Opinion did not address whether the State Treasurer was responsible for providing the List to the State Library for public inspection and copying, it was reasonable for the State Treasurer to question whether his dismissal is permissible at this time. Therefore, under the circumstances presented here, we hold that the State Treasurer's Motion was not "without reasonable or probable cause or excuse; harassing; annoying," *Black's Law Dictionary* at 1701, "stubbornly persistent in wrongdoing," or caused unnecessary delay or legal work. *Estate of Burger*, 852 A.2d

13

at 391 (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 815).  Accordingly, PFUR is not entitled to counsel fees under Section 2503(7) of the Judicial Code.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert M. McCord, in his official      :
capacity as the Treasurer of the       :
Commonwealth of Pennsylvania,          :
                          Plaintiff    :
                                       :
              v.                       :
                                       :
Pennsylvanians for Union Reform,       :
and Simon Campbell, President,         :   No. 87 M.D. 2014
                        Defendants     :

# O R D E R

AND NOW, this 9th day of September, 2016, the motion by Timothy A. Reese, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania, for judgment on the pleadings seeking to dismiss Pennsylvanians for Union Reform's (PFUR) counterclaim is denied.

PFUR's request for sanctions is denied.

_____
ANNE E. COVEY, Judge