IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl A. Bell, Sr.,          :
        Petitioner       :
                        :    No. 638 M.D. 2019
        v.            :
                        :    Submitted: December 4, 2023
Pennsylvania Board of Probation   :
and Parole,                 :
        Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                     FILED: January 3, 2024

Darryl A. Bell, Sr. (Petitioner) filed a petition for review in our original jurisdiction, seeking a declaration that retroactive application of Subchapter I of the most recent enactment of the Sexual Offender Registration and Notification Act[1] (SORNA II) is unconstitutional. Following responsive pleadings, the Pennsylvania Board of Probation and Parole (Board) filed an application for summary relief.[2] In addition, Petitioner has filed a motion for judgment on the pleadings. For the reasons that follow, the Board's application is granted, Petitioner's motion is denied, and Petitioner's petition for review is dismissed.

---

[1] Act of February 21, 2018, P.L. 27, No. 10 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

[2] After Petitioner filed his petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

# I. BACKGROUND

In 1990, Petitioner was sentenced to 8 to 20 years of incarceration for the rape of his 17-year-old stepdaughter. Pet. for Review, 11/18/19, Ex. B.[3] In 2013, Petitioner maxed out his term of incarceration and was released from prison. *Id.* Immediately upon his release, Petitioner moved to North Carolina, and his parole supervision was transferred to North Carolina authorities. *Id.* Petitioner still resides in North Carolina. *Id.*

In 2019, Petitioner commenced this action challenging the constitutionality of Subchapter I of SORNA II.[4] Specifically, Petitioner asserted that Subchapter I is an unconstitutional *ex post facto* law and further violates state rights to substantive due process. Pet. for Review at 3. The Board filed a preliminary objection in the nature of a demurrer, asserting that the matter must be dismissed as Petitioner failed to adequately state a claim for mandamus relief. Prelim. Obj., 12/20/19, ¶¶ 14-21.

This Court overruled the Board's preliminary objection because Petitioner sought declaratory relief, not mandamus relief. *Bell v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 638 M.D. 2019, filed Feb. 19, 2020), slip op. at 3-4 (*per curiam*). We directed the Board to file an answer that specifically addressed whether Petitioner currently has any registration obligations in Pennsylvania. *See id.* at 4 n.6.

The Board complied and in new matter averred that Petitioner lacked standing to challenge SORNA II because he is not a Pennsylvania resident and is not required to "actively register" in Pennsylvania. *See* Answer & New Matter, 3/24/22,

---

[3] Petitioner initially sought habeas relief in federal district court. *Bell v. Pa. Bd. of Prob. & Parole*, No. CV 3:15-1842, 2019 WL 5692768, at *1 (M.D. Pa. Nov. 4, 2019). The district court dismissed Petitioner's habeas petition on the grounds that Petitioner failed to exhaust his claim in state court. *Id.* at 6. Petitioner attached that court's opinion to his petition as Exhibit B.

[4] *See* 42 Pa.C.S. §§ 9799.51-9799.75.

at 5-6. The Board further pleaded, *inter alia*, that Petitioner's residency rendered his claims moot and that the Board was an improper party as it had no authority to administer Petitioner's registration and reporting requirements as a sexual offender. *See id.* Thereafter, Petitioner filed a motion for judgment on the pleadings, and the Board filed an application for summary relief.

## II. ISSUES[5]

The Board contends that it is not the proper party to defend these claims because it does not maintain the sexual offender registry and Petitioner is no longer under the Board's supervision. Appl. for Summ. Relief, ¶¶ 27-31. Additionally, according to the Board, Petitioner lacks standing to challenge Subchapter I because he currently resides in North Carolina. *Id.*, ¶¶ 32-35.

For his part, Petitioner asserts that Subchapter I violates the prohibition against *ex post facto* laws. *See* Pet. for Review at 4-7 (citing *Commonwealth v. Muniz,* 164 A.3d 1189 (Pa. 2017)). Also, Petitioner contends that his due process rights were violated because he was deemed a sexually violent predator (SVP) without the proper procedure for supporting that determination. *Id.* at 7-8. In response to these claims, the Board maintains that Subchapter I is not unconstitutional because (1) Subchapter I is nonpunitive and (2) Petitioner was never designated an SVP. Appl. for Summ. Relief, ¶¶ 36-37; Bd.'s Br. in Opp'n at 8-10.

---

[5] For ease of analysis, we have re-ordered the issues and address the Board's claims first.

### III. DISCUSSION[6]

### A. The Board is an Improper Party

The Board asserts that the petition should be dismissed because it is an improper party to this action. The Board argues that it is an improper party because it does not maintain the sexual offender registry and Petitioner's sexual offender registration requirements are currently subject to North Carolina law. Bd.'s Br. in Supp. at 8-11; Bd.'s Br. in Opp'n at 8-11. We agree with the Board.

In an action seeking declaratory relief, the proper party is one with an interest that would be affected by the declaration. *See* 42 Pa.C.S. § 7540(a). The interest in enforcing and defending a statute "belongs to the government official who implements the law." *Allegheny Sportsmen's League v. Ridge*, 790 A.2d 350, 355 (Pa. Cmwlth. 2002) (sustaining preliminary objection that the governor was not a proper party to the suit because the Commissioner of the State Police had the ultimate responsibility of enforcing, administering, and defending the Pennsylvania Uniform Firearms Act of 1995, 18 Pa.C.S. §§ 6101-6128); *see also Pa. Sch. Bds. Ass'n, Inc. v. Ass'n of Sch. Adm'rs, Teamsters Loc. 502*, 696 A.2d 859, 867 (Pa. Cmwlth. 1997) (finding that the Secretary of Education was not an indispensable party because he did not have the power or duty to enforce, implement, or administer the statute in question, and thus, did not have an interest that would be affected by the declaration sought). In this context, our Courts have interpreted "implements the

---

[6] An application for summary relief and a motion for judgment on the pleadings seek similar relief. *Pa. Indep. Oil & Gas Ass'n v. Dep't of Env't Prot.*, 146 A.3d 820, 821 n.3 (Pa. Cmwlth. 2016), *aff'd*, 161 A.3d 949 (Pa. 2017) (citing Pa.R.A.P. 1532 n.). Summary relief is proper where the moving party establishes that the case is clear and free from doubt, there are no genuine issues of material fact to be tried, and the movant is entitled to judgment as a matter of law. *Id.* Similarly, granting a motion for judgment on the pleadings is appropriate only when there is no genuine issue of fact, and the moving party is entitled to judgment as a matter of law. *Stilp v. Commonwealth*, 929 A.2d 660, 662 n.3 (Pa. Cmwlth. 2007), *aff'd*, 974 A.2d 491 (Pa. 2009).

law" as the party who has "a duty or obligation" to enforce or defend the challenged statute. *See City of Pittsburgh v. Commonwealth*, 535 A.2d 680, 683 (Pa. Cmwlth. 1987), *aff'd*, 559 A.2d 513 (Pa. 1989).

The Board is an independent administrative board established "for the purpose of granting and revoking paroles to certain offenders within this Commonwealth." 61 Pa.C.S. § 6111(a). The Board has minimal duties related to enforcing or defending SORNA II. The Board is obligated to cooperate with other agencies to ensure that the required information "is provided and placed in the registry[,]" especially for offenders who are granted parole or are serving probation. 42 Pa.C.S. § 9799.16(d); 42 Pa.C.S. § 9799.56(a)(4)(i). However, the Pennsylvania State Police (PSP), not the Board, maintains the sexual offender registry in Pennsylvania, and defends legal challenges to an individual's registration requirements. 42 Pa.C.S. §§ 9799.67(1), 9799.74; *see, e.g.*, *Spann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 728 M.D. 2012, filed June 9, 2016), slip op., at 1-2, *aff'd in part, rev'd in part*, 169 A.3d 1084 (Pa. 2017) (recognizing that the Board does not maintain the registry).[7, 8]

Here, the Board is an improper party because it has no interest that would be affected by Petitioner's requested relief. Simply put, the Board's role in cooperating with the PSP to provide registrants' information and supervising parolees with SORNA II registration requirements is far too attenuated to find that the Board has an interest in the present matter. Further, Petitioner is not even

---

[7] Unreported opinions may be cited as persuasive authority pursuant to this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

[8] Our Supreme Court affirmed this Court's decision to dismiss the Board from the case. *Spann v. Pa. Bd. of Prob. & Parole*, 169 A.3d 1084 (Pa. 2017) (*per curiam*). The Supreme Court reversed our decision to sustain the PSP's preliminary objection that the petitioner did not state a valid claim for mandamus relief and, in light of *Muniz*, remanded with directions to enter "an appropriate order granting mandamus relief." *Id.*

5

currently under the Board's supervision. Given these circumstances, the Board has no interest in the declaration sought by Petitioner and, thus, is an improper party to the present action. *See Allegheny Sportsmen's League*, 790 A.2d at 355. Accordingly, the Board's Application for Summary relief is granted.[9]

## B. Retroactive Application of Subchapter I is not Unconstitutional

Even if the merits were properly before us, Petitioner is clearly not entitled to relief. Petitioner argues that, under *Muniz*, Subchapter I is punitive and

---

[9] Given our disposition, we need not reach the Board's claim that Petitioner lacks standing to challenge SORNA II. However, we note that the Board has not cited to appropriate authority in support of this claim, and our independent research has not revealed a Pennsylvania case holding that a petitioner convicted in Pennsylvania but currently residing out-of-state lacks standing to challenge their sexual offender registration requirements that would apply if he or she returned to Pennsylvania. *See generally* Bd.'s Br. This Court has held that individuals who are not presently subject to sexual offender registration obligations–specifically, incarcerated inmates whose registration obligations did not vest until their term of incarceration expired in the future–had standing to challenge the sex offender registration statute.

In *Van Doren v. Mazurkiewicz*, 695 A.2d 967, 971-72 (Pa. Cmwlth. 1997), this Court held that an incarcerated petitioner who was not subject to Megan Law's registration requirements for another 10 months had standing to bring a constitutional challenge to Megan's Law. The *Van Doren* Court found that the petitioner had a direct, substantial, and present interest in pursuing his claim because the petitioner could potentially face criminal prosecution for failing to register and there was "absolutely no uncertainty about whether he [would] be subject to the challenged registration provisions" when his prison term expired. *Id.* at 971-72. This Court has subsequently applied *Van Doren* and its reasoning repeatedly. *See Gregory v. Pa. State Police*, 160 A.3d 274 (Pa. Cmwlth. 2017) (Cohn Jubelirer, J., single-judge op.); *Padgett v. Noonan* (Pa. Cmwlth., No. 412 M.D. 2017, filed July 30, 2018); *Beers v. Pa. State Police* (Pa. Cmwlth., No. 338 M.D. 2018, filed August 29, 2018); *Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed November 26, 2018); *Young v. Pa. State Police* (Pa. Cmwlth., No. 448 M.D. 2017, filed Dec. 14, 2018); *Groulx v. Pa. State Police* (Pa. Cmwlth., No. 121 M.D. 2018, filed Jan. 24, 2019); *Bill v. Noonan* (Pa. Cmwlth., No. 437 M.D. 2017, filed May 16, 2019). Like *Van Doren*, this line of cases reasoned that an inmate had standing to challenge future SORNA obligations because they were effective by operation of law upon release from prison. *See, e.g.*, *Young*, slip op. at 3 (citing *Gregory*, 160 A.3d at 277).

We discern no immediate answer on whether a challenge to SORNA from an out-of-state resident is analogous or distinguishable, for purposes of standing, to a challenge from an inmate who is not yet subject to SORNA's registration requirements. In light of that, we decline to opine on whether Petitioner has standing to challenge Subchapter I.

thus unconstitutional if applied retroactively. Pet. for Review at 4-7. In *Muniz*, our Supreme Court held that a prior version of SORNA's registration requirements were punitive and, therefore, applying those requirements retroactively was an unconstitutional *ex post facto* violation. *Muniz*, 164 A.3d at 1218. In response, the General Assembly enacted SORNA II, which was divided into two subchapters. Subchapter H mirrors the reporting requirements in the prior version of SORNA and only applies to sex offenders convicted after December 20, 2012. 42 Pa.C.S. § 9799.11(c).

Subchapter I's reporting requirements are less onerous and apply, in pertinent part, to sex offenders "required to register with the [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired." 42 Pa.C.S. § 9799.52(2). Since Petitioner filed his Petition, our Supreme Court has determined that Subchapter I is "nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." *Commonwealth v. Lacombe*, 234 A.3d 602, 605-06 (Pa. 2020). Similarly, retroactive application of Subchapter I's reporting requirements to convictions that predate any registration and notification statute are constitutional. *T.S. v. Pa. State Police*, 241 A.3d 1091 (Pa. 2020) (citing *Lacombe*, 234 A.3d 602).

Here, Petitioner is subject to the reporting requirements of Subchapter I because he was convicted of rape in 1990. 42 Pa.C.S. § 9799.52. Subchapter I is nonpunitive, and its retroactive application does not violate the *ex post facto* clauses. *See Lacombe*, 234 A.3d at 605-06; *T.S.* 241 A.3d 1091. Petitioner offers no compelling argument to depart from the binding precedent of *Lacombe* and *T.S. See*

7

*generally* Pet'r's Br. Thus, retroactive application of Subchapter I is not unconstitutional.

## C. Petitioner has Never Been Designated a Sexually Violent Predator

Lastly, Petitioner asserts that his due process rights have been violated because he was deemed an SVP without the proper procedure. Pet. for Review at 7-8. According to Petitioner, the Board labeled him an SVP in 2013, and this has affected his registration status in North Carolina. *Id.* at 8; Pet'r's Br. at 5. The Board responds that the undisputed facts establish that Petitioner has never been found to be an SVP. Bd.'s Br. in Opp'n at 8-11. We agree with the Board.

Petitioner was convicted of rape and indecent assault. *See respectively* 18 Pa.C.S. §§ 3121, 3126. Under Subchapter I, rape is considered a "sexually violent offense," and a rape conviction triggers a lifetime registration requirement. 42 Pa.C.S. § 9799.53 (definition of "sexually violent offense"); 42 Pa.C.S. § 9799.55(b)(2)(i)(A). An SVP is a person convicted of a sexually violent offense *and*, prior to sentencing, is found to be an SVP based on a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. 42 Pa.C.S. § 9799.53 (definition of "sexually violent predator"); 42 Pa.C.S. § 9799.58.

The undisputed facts establish that Petitioner erroneously conflates the conviction of a "sexually violent offense" with the SVP designation. In fact, in his motion, Petitioner concedes this point by stating that it is undisputed that the Board notified North Carolina authorities that he should be supervised as a "registered Tier III sexually violent *offender*[.]" Mot., 4/12/22, ¶ 7 (emphasis added). He also admitted that there has been no finding that he is an SVP. Pet'r's Resp., 6/6/22, ¶ 9. Nonetheless, in his petition and brief, Petitioner maintains that the Board notified

8

North Carolina authorities that he should be supervised as an SVP. Pet. for Review at 3; Pet'r's Br. at 5. In support, he cites to a document that provides sex offenders notice of their registration requirements. *Id.* at Ex. D. As the Board points out, nothing on the document indicates Petitioner's registration status, let alone whether Petitioner is an SVP. Bd.'s Br. in Opp'n at 9-10. Thus, Petitioner's argument is without merit.

## IV. CONCLUSION

Upon review, the Board is an improper party to this action because it does not maintain the sexual offender registry. *See Allegheny Sportsmen's League*, 790 A.2d at 355; *see* 42 Pa.C.S. § 9799.67; *see Spann*, slip op. at 1-2. Accordingly, the Board's application is granted; Petitioner's motion is denied; and Petitioner's petition is dismissed. We note further that Petitioner's substantive claims are without merit.

LORI A. DUMAS, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl A. Bell, Sr.,                                    :
                        Petitioner                      :
                                                        :    No. 638 M.D. 2019
            v.                                          :
                                                        :
Pennsylvania Board of Probation                         :
and Parole,                                             :
                        Respondent                      :

# **O R D E R**

AND NOW, this 3rd day of January, 2024, the Pennsylvania Board of Probation and Parole's Application for Summary Relief is GRANTED. Darryl A. Bell, Sr.'s Motion for Judgment on the Pleadings is DENIED. Bell's Petition for Review is DISMISSED.

_____
LORI A. DUMAS, Judge