# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Commonwealth of Pennsylvania, :
Tom Wolf, Governor; and The City of :
Harrisburg and Capital Region Water :
f/k/a The Harrisburg Authority, by and :
through Marita Kelley, in her official :
capacity as Coordinator For The City :
of Harrisburg; and The Pennsylvania :
Department of Community and Economic :
Development, by and through Dennis :
Davin, in his official capacity as Secretary, :
                          :
           Plaintiffs :
                          :
          v. : No. 368 M.D. 2018
                          : Argued: June 4, 2024
RBC Capital Markets Corporation; :
Obermayer, Rebmann, Maxwell & :
Hippel, LLP; Buchanan Ingersoll & :
Rooney, P.C.; Eckert, Seamans, :
Cherin & Mellot, LLC; Public Financial :
Management, Inc.; Buchart Horn, Inc.; :
Foreman and Caraciolo, P.C. f/k/a :
Foreman & Foreman, P.C., :
                          :
          Defendants :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge (P.)
               HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK           FILED:     June 28, 2024

Before the Court for disposition is the Motion for Judgment on the Pleadings (Motion)[1] filed by Buchanan Ingersoll & Rooney, P.C. (BIR) to the First Amended Complaint (Complaint) filed in our original jurisdiction by The Commonwealth of Pennsylvania, acting by and through the Governor's Office of General Counsel, on behalf of Governor Tom Wolf, as *parens patriae* for the citizens of the Commonwealth (Commonwealth); the City of Harrisburg (City) and Capital Region Water formerly known as (f/k/a) The Harrisburg Authority (Authority), by and through Marita Kelley (Coordinator), in her official capacity as Coordinator For The City of Harrisburg; and The Pennsylvania Department of Community and Economic Development, by and through Dennis Davin,[2] in his official capacity as Secretary (DCED) (collectively, Plaintiffs).  We deny the Motion.

This case relates to the Authority's notorious Resource Recovery Facility (Incinerator) retrofit project.  The extensive history of this matter is more fully outlined in our prior opinion disposing of preliminary objections (POs) in *Commonwealth v. RBC Capital Markets Corporation* (Pa. Cmwlth., No. 368 M.D.

---

[1] As this Court has explained:

> [W]hen ruling on a motion for judgment on the pleadings, we view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted are considered against the opposing party.  We consider only the pleadings themselves and any documents properly attached to them. ***We grant judgment on the pleadings only when there is no genuine issue of fact, and the moving party is entitled to judgment as a matter of law***.

*Stilp v. General Assembly*, 929 A.2d 660, 661-62 n.3 (Pa. Cmwlth. 2007), *aff'd*, 974 A.2d 491 (Pa. 2009) (citations omitted and emphasis added).  "Such a motion may be granted only where the law is clear that a trial would be a fruitless exercise." *Stoppie v. Johns*, 720 A.2d 808, 809 (Pa. Cmwlth. 1998).

[2] On May 3, 2023, the Pennsylvania Senate confirmed Rick Siger as the new Secretary.

2018, filed September 9, 2021) (*RBC*). Relevant here, Plaintiffs filed their 24-count Complaint setting forth claims for fraud, negligent misrepresentation, breach of fiduciary duty, and legal malpractice against financial advisers RBC Capital Markets Corporation (RBC) and Public Financial Management, Inc. (PFM); law firms Obermayer, Rebmann, Maxwell & Hippel, LLP (Obermayer), BIR, Eckert, Seamans, Cherin & Mellot, LLC (Eckert), and Foreman and Caraciolo, P.C. f/k/a Foreman & Foreman, P.C. (Foreman); and engineering firm Buchart Horn, Inc. (Buchart) (collectively, Defendants).[3] Ultimately, in *RBC*, we sustained in part,

---

[3] We previously summarized the claims against BIR in the Complaint as follows:

> Count XXIV of the Complaint sets forth Plaintiffs' claim of unjust enrichment against . . . BIR . . . . In . . . BIR's PO No. 6, . . . th[is] Defendant[] assert[s] that Plaintiffs failed to state a claim for unjust enrichment.

> To state a claim for unjust enrichment, a plaintiff must plead: (1) benefits conferred on the defendant by the plaintiff; (2) the appreciation of such benefits by the defendant; and (3) the payment of value. *Williams Township Board of Supervisors v. Williams Township Emergency Co., Inc.*, 986 A.2d 914, 923 (Pa. Cmwlth. 2009). "The most significant element of the doctrine is whether the enrichment of the defendant is ***unjust***. The doctrine does not apply simply because the defendant may have benefitted as a result of the actions of the plaintiff." *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993), *aff'd*, 637 A.2d 276 (Pa. 1994) (emphasis in original). "Whether the doctrine applies depends on the unique factual circumstances of each case." *Id.* . . . Because the determination of whether the doctrine applies requires resolution of disputed facts, **we overrule . . . BIR's PO No. 6**[.]

> \* \* \*

> In Count XI, the Coordinator asserts a breach of fiduciary duty claim against BIR. Count XI alleges that BIR, through Mr. Giorgione, represented both the City and the Authority with respect

**(Footnote continued on next page…)**

3

to multiple aspects of the Incinerator transactions. Mr. Giorgione identified himself as a representative of both the City and the Authority, referred to the City and the Authority as his clients, and provided legal advice to the City and the Authority. As a law firm, BIR owed a fiduciary duty to its client, the City. BIR, through Mr. Giorgione, negotiated the licensing agreement between the Authority and CIT. That transaction caused the Authority to borrow $25 million at higher levels of seniority than the existing Incinerator debt. Under the agreements governing the City's guarantee of the Incinerator debt, which Mr. Giorgione had drafted, approval of City Council was required before the Authority incurred new Incinerator-related indebtedness. Complaint ¶¶367-[]72.

According to the Complaint, CIT sought a resolution by City Council approving the licensing agreement, but Mr. Giorgione advised that City Council approval was not required. Mr. Giorgione gave that advice because he knew City Council would not approve the transaction. By providing that advice, BIR, through Mr. Giorgione, denied the City its right to have its duly elected representative body protect citizens from the harms that ultimately flowed from the excessive Incinerator debts. By prioritizing the Authority's interest in obtaining additional debt funding over the City's interests, BIR, through Mr. Giorgione, breached its fiduciary duties to the City. Complaint ¶¶373-[]77.

Count XII asserts a claim of legal malpractice against BIR. "A cause of action for legal malpractice contains three elements: the plaintiff's employment of the attorney or other grounds for imposition of a duty; the attorney's neglect to exercise ordinary skill and knowledge; and the occurrence of damage to the plaintiff proximately caused by the attorney's misfeasance." *Epstein v. Saul Ewing LLP*, 7 A.3d 303, 313 (Pa. Super. 2010). Count XII asserts that, throughout 2005 and 2006, BIR, through Mr. Giorgione, represented both the Authority and the City with respect to multiple aspects of the Incinerator transactions, as described above. BIR, as a law firm, owed the City a duty to exercise the degree of knowledge, skill, and care that would normally be exercised by attorneys under the same or similar circumstances. BIR failed to exercise the requisite degree of knowledge, skill, and care when, as discussed above, through Mr. Giorgione, it denied the City its contractual right to submit the CIT "licensing" transaction to City

**(Footnote continued on next page…)**

4

Council for approval, which allowed CIT to receive more than $20 million of incinerator revenue, thereby significantly increasing the City's guarantee exposure. At all relevant times, Mr. Giorgione was acting within the scope and course of his relationship with BIR. Complaint ¶¶380-[]85.

BIR's sixth PO asserts a demurrer to the claims in Counts XI, XII, and, to Count XXIV, previously addressed. Preliminary objections in the nature of a demurrer "require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Kirschner v. K&L Gates LLP*, 46 A.3d 737, 748 (Pa. Super. 2012). All material facts set forth in the pleadings and all inferences reasonably deducible therefrom must be admitted as true *Id.*

BIR argues that Plaintiffs have not adequately pleaded an attorney-client relationship between BIR and the City on the CIT transaction. Relying on the decision in *The Harrisburg Authority v. CIT Capital USA, Inc.*, 869 F. Supp. 2d 578 (M.D. Pa. 2012), BIR asserts that Mr. Giorgione was identified only as "special counsel" to the Authority for the CIT transaction at issue.

Plaintiffs reject BIR's reliance on the CIT litigation as it did not address BIR's duty to the City. Plaintiffs assert that whether BIR represented the Authority in the CIT transaction is irrelevant to BIR's relationship to the City.[FN]26

\* \* \*

[FN]26 BIR also argues that City Council had no contractual right to approve or disapprove the CIT transaction. In making this argument, BIR asserts that its agreement relating to reimbursement only requires the City's approval for an increase of debt service requirements. Plaintiffs respond that BIR's position ignores pertinent language of the agreement. These arguments reflect a contractual ambiguity that cannot be resolved on a demurrer. *See Insurance Adjustment Bureau, Inc. v. Allstate Insurance Co.*, 905 A.2d 462, 468-69 (Pa. 2006) ("A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. While unambiguous

**(Footnote continued on next page…)**

overruled in part, and dismissed as moot in part, the parties' cross-POs; dismissed the Commonwealth, DCED, and Foreman as parties and all claims asserted either by them or against them in the Complaint; and directed all of the remaining Defendants (except Buchart) to file an Answer to the remaining claims raised in the Complaint. *See id.*

Following responsive pleadings, on February 1, 2024, BIR filed the instant Motion which states that its alleged involvement in this case is limited to the single transaction that occurred over several weeks from the end of 2005 through early January 2006, referred to above as the CIT transaction. *See* Motion at 2-4. By late 2005, the Incinerator's general contractor had depleted all available funds and required approximately $25 million to continue building. The CIT transaction, structured as a technology licensing transaction, produced the necessary $25 million cash infusion to keep the project going, and the Complaint alleges that BIR represented the Authority (the then-owner of the Incinerator) and the City in that transaction. *See* Motion at 2-4.

---

contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.") (citation omitted).

\* \* \*

The Complaint alleges that Mr. Giorgione identified himself as a representative of both the City and the Authority, referred to both as his clients, provided legal advice to the City and the Authority, and rendered false legal advice to the City concerning the City's ability to review and reject the CIT transaction. Complaint ¶¶147, 149, 150, 368-[]69, 373-[]76, 383. We conclude these allegations are sufficient to overcome BIR's demurrers to Counts XI and XII. **BIR's PO No. 6 is overruled.**

*RBC*, slip op. at 62-64, 67-70 (footnotes omitted and emphasis in original).

BIR argues that the Coordinator's claims, on behalf of the City, against it fail as a matter of law because the legal advice that BIR allegedly provided that City Council approval was not required on the CIT transaction was accurate based on the relevant agreements. *See* Motion at 9-19. Further, BIR alleges that there are no allegations that it breached its fiduciary or professional duties or acted unjustly toward the Authority. *See id.* at 20-23.

Plaintiffs argue that the coordinate jurisdiction rule warrants denial of the Motion. Specifically, Plaintiffs state that BIR relies exclusively on facts stated in the Complaint, and BIR has not identified any new facts or law that was unavailable when this Court found the claims against BIR to be sufficiently stated. Plaintiffs also maintain that BIR has not demonstrated that the Court's prior rulings in *RBC* were clearly erroneous, nor has it identified any manifest injustice that would result if the Court followed our prior rulings.

As a preliminary matter, we note:

> The motion for judgment on the pleadings is one of several pretrial mechanisms to save the parties the expense of having to go to trial on the merits before examining the legal sufficiency of the case. Even after the denial of an earlier demurrer, it permits the trial judge to re-examine the legal sufficiency of the case in light of additional facts and legal theories developed as a result of new matter and the reply thereto. Alternatively, in cases of first impression, the trial judge by denying the demurrer initially can permit the parties to fully develop the facts of the case before ruling on its legal sufficiency. In instances, like the instant case, where no further factual development occurs, the motion for judgment on the pleadings will permit the trial judge to consider any relevant legal authority decided in the interim period. Should the motion simply repeat the earlier arguments rejected in the demurrer, the trial judge may exercise his discretion to deny it.

*Koresko v. Farley*, 844 A.2d 607, 614 (Pa. Cmwlth. 2004) (citation omitted). Moreover, as stated above: "Where 'material issues of fact are in dispute, judgment on the pleadings cannot be entered.'" *POM of Pennsylvania, LLC v. Department of Revenue*, 221 A.3d 717, 722 n.7 (Pa. Cmwlth. 2019) (citation omitted); *see also Walker v. Forcey*, 151 A.2d 601, 605 (Pa. 1959) ("Upon a motion for judgment on the pleadings, the same principles are applicable in disposing of such motion as in disposing of a preliminary objection in the nature of a demurrer.").

With respect to Counts XI, XII, and XXIV of the Complaint, as in *RBC*, BIR is not entitled to judgment as a matter of law based on its assertion that the CIT transaction did not require approval by City Council because it requires interpretation of the written agreement, which precludes the grant of judgment on the pleadings. Because there are no additional facts and/or legal theories that have developed as a result of the responsive pleadings since we previously overruled BIR's demurrer to the claims raised against it in the Complaint, as in *RBC*, BIR is not entitled to judgment on the pleadings for these claims on this basis.[4] In sum, we exercise our discretion and deny the Motion.

Accordingly, the Motion is denied.

_____
MICHAEL H. WOJCIK, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

---

[4] Moreover, BIR's reliance on *Aetna Electroplating Co. v. Jenkins*, 484 A.2d 134 (Pa. Super. 1984), is equally misplaced. As we stated in *RBC*: "Foreman argues that it cannot be liable to non-clients for legal services that it provided to its client." *Id.*, slip op. at 88. As alleged in the Complaint, BIR was representing both the City and the Authority at the time that the actions underlying its liability were committed.

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| The Commonwealth of Pennsylvania, Tom Wolf, Governor; and The City of Harrisburg and Capital Region Water f/k/a The Harrisburg Authority, by and through Marita Kelley, in her official capacity as Coordinator For The City of Harrisburg; and The Pennsylvania Department of Community and Economic Development, by and through Dennis Davin, in his official capacity as Secretary, | : : : : : : : : : : |
| Plaintiffs | : : |
| v. | : No. 368 M.D. 2018 : |
| RBC Capital Markets Corporation; Obermayer, Rebmann, Maxwell & Hippel, LLP; Buchanan Ingersoll & Rooney, P.C.; Eckert, Seamans, Cherin & Mellot, LLC; Public Financial Management, Inc.; Buchart Horn, Inc.; Foreman and Caraciolo, P.C. f/k/a Foreman & Foreman, P.C., | : : : : : : : : : : |
| Defendants | : |

## **O R D E R**

AND NOW, this 28th day of June, 2024, the Motion for Judgment on the Pleadings filed by Buchanan Ingersoll & Rooney, P.C. in the above-captioned matter is DENIED.

_____
MICHAEL H. WOJCIK, Judge